**PHILLIP R. EMERSON, ESQ.**
Nevada Bar No. 5940
**EMERSON & MANKE, PLLC**
1055 Whitney Ranch Drive, Suite 120
Henderson, Nevada 89014
Attorney for Defendant,
*THE HERTZ CORPORATION*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN A. NIEMEYER, Individually and as the Representative of the Estate Of ANTHONY NIEMEYER, MARK NIEMEYER, JESSICA NIEMEYER, and REBECCA NIEMEYER,<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware THE HERTZ CORPORATION; a Delaware corporation; HERTZ RENT-A-CAR, a corporation, AUTOLIV ASP, INC., a Missouri Corporation; MORTON INTERNATIONAL, INC., DOES I through XX; ROES I through XX; MOES I through XX; and POES I Through XX, inclusive,<br><br>Defendants. | CASE NO.: 2:09-cv-2091-JCM-PAL |

### **DEFENDANT, THE HERTZ CORPORATION'S, MOTION TO DISMISS**

Defendant, *THE HERTZ CORPORATION*, by and through its attorney of record, Phillip R. Emerson, Esq., of the Law Offices of Emerson and Manke, PLLC, hereby submits the following MOTION to Dismiss. This Motion is based upon the following memorandum of points and authorities, any and all papers and pleadings on

1

file herein, plus any oral argument of counsel entertained by the Court at the hearing of this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTUAL/PROCEDURAL BACKGROUND

This is an action for the wrongful death of Anthony Niemeyer arising from a motor vehicle accident which occurred on September 18, 2007. On that date, Anthony Niemeyer was operating a Ford Focus rented from *THE HERTZ CORPORATION* northbound on Village Center Drive in the number one travel lane. According to witnesses, Mr. Niemeyer appeared to have an attack of some kind and suddenly veered to the left, driving over the median, through the southbound travel lanes, and into a tree on the west curb. Following the impact, a witness found Mr. Niemeyer slumped over the steering wheel.

Mr. Niemeyer's family members filed an Amended Complaint for Damages on September 17, 2009 in the Eighth Judicial District Court for Clark County, NV. On October 14, 2009, *THE HERTZ CORPORATION* filed an Answer to Plaintiffs' Amended Complaint for Damages. On October 29, 2009, Defendant, FORD MOTOR COMPANY, removed the matter to United States District Court based on diversity jurisdiction.

Plaintiffs allege Defendant FORD MOTOR COMPANY "manufactured, assembled, designed and/or produced a defective and dangerous vehicle and/or airbags resulting in the death of

2

ANTHONY NIEMEYER…" (See Attached Exhibit A, <u>Plaintiffs' Amended Complaint for Damages</u>)

With respect to *THE HERTZ CORPORATION*, Plaintiffs allege:

> That Defendants THE HERTZ CORPORATION and HERTZ RENT-A-CAR, together with the other Defendants herein should be held responsible for the death of ANTHONY NIEMEYER because they rented and supplied a defective vehicle with defective airbags to ANTHONY NIEMEYER resulting in his death. That these Defendants were negligent and strictly responsible for the condition of said car. (See Ex. A, p. 5/lines 9-14)

Plaintiffs are suing *THE HERTZ CORPORATION* under the theories of negligence and strict liability. In Nevada, short term lessors are not liable under the theories of strict products liability or the crashworthiness doctrine. As such, Plaintiffs' Complaint should be dismissed with respect to *THE HERTZ CORPORATION* pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.

## LEGAL ARGUMENT

**A. Standard for Dismissal.**

Dismissal in accordance with FRCP 12(b)(6) is only appropriate when "…it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McCray v. Veneman*, 298 F.Supp.2d 13, 14 (D.C. Dist. Col. 2002) *citing to Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). In evaluating a motion to dismiss for

3

failure to state a claim upon which relief can be granted, the court will construe the allegations in the complaint liberally in the plaintiff's favor. *See Schuler v. United States*, 199 U.S. App. D.C. 23, 617 F.2d 605 (D.C. Cir. 1979)

"When a federal court exercises diversity jurisdiction, it merely serves as a neutral forum in which to present state law claims." *Goetzke v. Ferro Corp.*, 280 F.3d 766, 779 (7th Cir. 2002) "If state substantive law has denied plaintiff a remedy for his cause of action, the district court must dismiss the complaint for failure to state a claim upon which relief can be granted." *Id*.

Even assuming all factual allegations of Plaintiffs' Amended Complaint are accurate, Plaintiffs have failed to plead a cause of action against *THE HERTZ CORPORATION* upon which relief can be granted. As such, Defendant respectfully requests this Honorable Court dismiss Plaintiffs' Amended Complaint against *THE HERTZ CORPORATION*.

**B. The Supreme Court of Nevada has not applied the crashworthiness doctrine or the doctrine of strict products liability to short term lessors.**

The crashworthiness and strict products liability doctrines do not apply to short terms lessors in Nevada. As such, Plaintiffs' allegations against *THE HERTZ CORPORATION* should properly be dismissed.

4

### i. Crashworthiness Doctrine.

The crashworthiness, "enhanced injury," or "second collision" doctrine is defined as:

> The second collision doctrine, enhanced injury doctrine, or defect-enhancing doctrine, as it is variously called, is the legal concept which imposes liability based on the construction or design of a product which causes enhanced or greater injuries in the course of or following an initial accident or collision brought about by some independent cause. *Bass v. GMC*, 150 F.3d 842, 846 (8th Cir. 1998) *citing to Polk v. Ford Motor Co.*, 529 F.2d 259, 265 (8th Cir. 1976) (en banc)

A typical strict products liability case involves an alleged defect causing an injury. A crashworthiness or enhanced injury case involves a situation where the alleged defect is not the cause of the accident but enhances the injuries sustained. *See Weir v. Crown Equip. Corp.*, 217 F.3d 453, 460-461 (7th Cir. 2000)

A vehicle manufacturer "…has a duty to design a reasonably crashworthy vehicle." *Andrews v. Harley Davidson*, 106 Nev. 533, 537, 796 P.2d 1092, 1095 (1990) The *Andrews* matter is the totality of the Supreme Court of Nevada's jurisprudence regarding crashworthiness. The Court continued:

> A major policy behind holding manufacturers strictly liable for failing to produce crashworthy vehicles is to encourage them to do all they reasonably can to design a vehicle which will protect a driver in an accident. *Id.*

The Supreme Court of Nevada has not applied this holding to lessors of vehicles such as *THE HERTZ CORPORATION*.

### ii. Strict Products Liability.

In addition, the Court has not applied the doctrine of strict products liability to lessors. When given the opportunity to do so, the Court declined.[1]

The Court not only has failed to apply strict products liability to lessors, **it has also expressly limited the application of liability to sellers, dealers and manufacturers**. In *Calloway v. City of Reno*, 116 Nev. 250, 992 P.2d 1259 (2000) (superseded by statute on other grounds, *Olson v. Richard,* 120 Nev. 240, 243, 89 P.3d 31, 33 (2004)), the Court stated:

> The contractor who installed the gas line fitting in Worrell should not have been subject to the doctrine of strict products liability. As set forth above, **one is strictly liable for damages from a dangerously defective product only if one is a seller "engaged in the business of selling such a product."** *Id.* at 270, *citing* Restatement (Second) of Torts § 402A (1965) (emphasis added)

Regarding warning labels, the Supreme Court of Nevada stated: "Where the defendant has reason to anticipate that danger may result from a particular use of his product, and he fails to warn adequately of such a danger, the product **sold** without a warning is in a defective condition." *Oak Grove*

---

[1] In *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 953 P.2d 24 (1998), respondents argued during oral argument that "…strict liability does not and should not apply to lessors of personalty." *Id.* at 6, n. 1. As the issue was not briefed by the parties, the Court declined to address it.

6

*Investors v. Bell & Gossett Co.,* 99 Nev. 616, 624, 668 P.2d 1075, 1080 (1998) (emphasis added)   In this matter, there is no allegation that *THE HERTZ CORPORATION* sold the 2007 Ford Focus at issue.

The Third Circuit Court of Appeals held that the crashworthiness doctrine could be applied to a lessor because strict products liability is "extended to all suppliers of a produce that is 'consumed' by the public."  *Habecker v. Clark Equip.,* 376 F.3d 278, 288-289 (3rd Cir. 1994) However, the state of Nevada does not apply strict products liability as liberally as the state of Pennsylvania.   The Supreme Court of Nevada previously held a health department that distributes public vaccinations could not be held liable under either warranty or strict liability theories because it "is not a seller of products."   *Allison v. Merck & Co.,* 110 Nev. 762, 766, 878 P.2d 948, 951, n. 1 (1994)   Thus, even though the Clark County Health District distributed the allegedly defective vaccines to the public, as it was not a seller, it could not be held liable.

There is no binding authority for the application of either the strict products liability or crashworthiness doctrines to lessors of vehicles such as *THE HERTZ CORPORATION*.   The Supreme Court of Nevada has limited strict products liability to sellers and manufacturers.   As such, even assuming all allegations in their Amended Complaint are accurate, Plaintiffs have failed to

7

state a claim upon which relief can be granted against *THE HERTZ CORPORATION*.

### C. Application of the crashworthiness doctrine to *THE HERTZ CORPORATION* is contrary to Nevada policy.

Were this Court to apply the crashworthiness doctrine to *THE HERTZ CORPORATION*, it would be contrary to the Supreme Court of Nevada's stated purpose for its application. The Court held in *Andrews* the purpose of the doctrine was to encourage manufactures of vehicles to do all they can to design safe vehicles that will protect occupants during an accident. *Id*. *THE HERTZ CORPORATION* was not involved in the manufacture of this vehicle. Thus, applying the doctrine to *THE HERTZ CORPORATION* does not promote the Court's stated public policy reasons.

It is anticipated Plaintiffs will cite *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 953 P.2d 24 (1998)  That case is distinguishable from the matter at bar. In *Maduike*, appellants rented a vehicle in Reno and drove to Las Vegas for a family vacation. *Id*. at 3. Early in their drive back home to Reno, the brakes failed. *Id*. The rental agency office in Reno instructed appellants to return the vehicle to the office in Las Vegas. *Id*. Inexplicably, the office in Las Vegas refused to repair or replace the vehicle, forcing appellants to drive the vehicle home to Reno the following morning. *Id*. During the drive they were involved in an accident.

8

There is no allegation that *THE HERTZ CORPORATION* acted in a manner consistent with the agency in *Maduike*. As such, that matter is distinguishable.

Applying the crashworthiness doctrine or strict products liability to a short term lessor of a vehicle does nothing to encourage manufacturers to make safe vehicles. *THE HERTZ CORPORATION* is in no position to remedy the alleged airbag defects at issue in this case. In addition, keeping *THE HERTZ CORPORATION* in this litigation will only serve to drive up litigation costs and consume judicial resources. In the event Plaintiffs prevail at trial, *THE HERTZ CORPORATION* would then be compelled to file additional indemnification and contribution litigation against FORD MOTOR COMPANY. This is further reason why public policy is best served by dismissal of *THE HERTZ CORPORATION* from the instant matter.

**D. Application of either doctrine is a legislative issue, not a judicial one.**

Finally, if the choice is made to apply either strict products liability or the crashworthiness doctrine to short term lessors of vehicles, the legislature should make the choice, not the judiciary. Applying new liability to the rental car industry in a state such as Nevada that relies heavily on tourism will require analysis of a number of economic, social and fiscal factors not at issue in this matter. Thus, if what's best for Nevada is application of these theories of liability to short

9

term lessors of vehicles, the legislature should make the choice after appropriate argument and procedure. Some states have chosen to do so.[2] However, given the myriad of extrinsic issues unrelated to the subject litigation, Defendant argues applying a new cause of action to the rental car industry is the duty of the legislature, not the judiciary.

## III.

### CONCLUSION

For the reasons stated above, Defendant, *THE HERTZ CORPORATION*, respectfully requests this Court dismiss all causes of action Plaintiffs allege against *THE HERTZ CORPORATION* for failure to state a claim upon which relief can be granted.

DATED this 18th day of April, 2011.

*EMERSON & MANKE, PLLC*

/s/  Phillip R. Emerson, Esq.

PHILLIP R. EMERSON, ESQ.
Nevada Bar No. 5940
1055 Whitney Ranch Drive, Suite 120
Henderson, Nevada 89014
*THE HERTZ CORPORATION*

---

[2] Indiana's Strict Product Liability Act imposes liability on "one who sells, leases, or otherwise puts into the stream of commerce any product in a defective condition unreasonably dangerous…" *See Rogers v. Ford Motor Co.*, 925 F. Supp 1413, 1420 (N.D. Indiana 1996)

**CERTIFICATE OF MAILING**

Pursuant to Nevada Rules of Civil Procedure 5(b), I hereby certify that service of the foregoing, **DEFENDANT, THE HERTZ CORPORATION'S, MOTION TO DISMISS**, was made this 23rd day of May, 2011 by depositing a true and correct copy of the same for mailing, addressed as follows:

> Ralph J. Rohay, Esq.
> *RALPH J. ROHAY, ESQ.*
> 309 West Lake Mead Parkway, Suite B
> Henderson, Nevada 89015
> (702) 737-3110 Facsimile
> Attorney for Plaintiffs
>
> Daniel T. Ryan, Esq.
> BOLLWERK & RYAN, LLC
> 10525 Big Bend, Street
> St. Louis, Missouri 63122
> (314) 315-8113 Facsimile
> Attorney for Plaintiffs
>
> Daniel S. Roadman, Esq.
> Jay J. Schuttert, Esq.
> *SNELL & WILMER, LLP*
> 3883 Howard Hughes Parkway, Suite 110
> Las Vegas, Nevada 89169
> (702) 784-5252 Facsimile
> Attorney for Defendant,
> FORD MOTOR COMPANY

/s/ Krystina June
_____
An Employee of EMERSON & MANKE, PLLC