# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KATHRYN NIEMEYER, *et al.*,

    Plaintiffs,

vs.

FORD MOTOR COMPANY, *et al.*,

    Defendants.

Case No. 2:09-cv-02091-JCM-PAL

**ORDER**

(Mot Strike - Dkt. #84)

Before the court is Plaintiff's Motion to Strike Defendant the Hertz Corporations's Joinder to Defendant Ford Motor Company's Disclosure of Expert Witnesses (Dkt. #84). The court has considered the Motion, Defendant The Hertz Corporation's ("Hertz") Opposition (Dkt. #85), Ford Motor Company's ("Ford") Statement and Response (Dkt. #86), Hertz Supplement (Dkt. #87) and Plaintiff's Reply (Dkt. #88).

## **BACKGROUND**

**I. Procedural History.**

The complaint in this case was filed in state court and removed (Dkt. #1) October 29, 2009. It is a wrongful death product liability case arising out of the death of Anthony Niemeyer on September 18, 2007. Mr. Niemeyer rented a Ford Focus from Hertz Rent-a-Car on September 18, 2009. He was involved in a collision in Las Vegas, Nevada, and died as a result of injuries sustained in the accident. The Plaintiffs allege that the Ford Focus was a defective vehicle with defective air bags that failed to deploy which caused Mr. Niemeyer's death. Plaintiffs have asserted claims for negligence and strict liability against both Hertz and Ford.

/ / /

The parties submitted a proposed discovery plan and scheduling order which requested 15 months to complete discovery and proposed a March 11, 2011, discovery cutoff with related extensions of the case management deadlines established by LR 26-1(e). The court denied the parties' request for a 15-month period to complete discovery, but allowed the parties 270 days, and set periodic status conferences to insure the parties were diligently pursuing discovery and attempting in good faith to meet the deadlines.

The original Discovery Plan and Scheduling Order (Dkt. #21) established a September 3, 2010, discovery cutoff, and July 6, 2010, deadline to disclose experts. The parties submitted a Stipulation (Dkt. #38) June 18, 2010, to extend the discovery plan and scheduling order deadlines which proposed an extension of the discovery cutoff until March 8, 2011. The court conducted status and scheduling conferences were July 6, 2010, and August 10, 2010. The court denied the parties' proposed stipulation to extend the discovery plan and scheduling order deadlines, but gave the parties additional time to complete fact discovery and designate experts and rebuttal experts. The deadline for disclosing experts was extended until January 3, 2011, and the deadline for disclosing rebuttal experts was extended to February 1, 2011. The parties were given until February 18, 2011, to complete expert depositions. The Order (Dkt. #51) extending the deadlines provided that no further extensions would be allowed, although the court would consider specific targeted request upon a showing that the discovery could not be completed despite the exercise of due diligence.

Thereafter, the parties stipulated to a second extension of the discovery plan and scheduling order deadlines which the court approved in an Order (Dkt. #57) entered February 10, 2011. A 75-day extension was requested to take 11 expert witness depositions. The expert depositions were taken, discovery closed, the parties filed dispositive motions which have now been decided, and this matter is set for jury trial May 7, 2012.

Shortly after the parties filed the joint pretrial order Plaintiffs filed this motion which seeks to strike a joinder Hertz filed to Defendant Ford's disclosure of expert witnesses and rebuttal expert witnesses. On November 10, 2011, well after the close of discovery and 10 months after the deadline for disclosure of expert witnesses, Hertz served counsel for Plaintiff with joinders indicating that Hertz joined in the designation of Ford's expert witnesses Cleve Bare, Gerry Cowin, Elizabeth Rafael, M.D.,

1  Gregory A. Miller, P.E., Thomas Bennett, M.D., and Mr. Ram Krishnaswami.  Hertz also served
2  Plaintiffs' counsel with a joinder indicating it was jointly designating Ford's rebuttal expert witness,
3  David Weiner, M.B.A., as its own.

**II. Plaintiffs' Motion to Strike.**

Counsel for Plaintiffs seek to preclude Hertz from relying on these experts because Plaintiffs understand from discussions with Hertz's counsel that Hertz: (1) did not contact Ford or its attorneys about disclosing Ford's experts as its own; (2) did not speak with any of Ford's experts prior to disclosing them as its own; (3) has not retained any of the Ford experts it identified.  Additionally, Hertz's disclosure did not include any written reports containing the information required by Rule 26(a)(2)(A).  Plaintiffs argue that pursuant to Rule 37(c)(1), Hertz's failure to comply with the requirements of 26(a)(2)(A) mandates an order prohibiting Hertz from presenting any expert witness testimony at trial unless the court finds the failure to disclose was substantially justified or harmless. Counsel for Plaintiffs cite decisions of this court finding that Rule 37(c)(1) is a self-executing, automatic sanction designed to provide strong inducement for discovery disclosures.  This court has previously held on multiple occasions that the burden is on the party who fails to timely disclose experts to establish that the failure was substantially justified or harmless.

In this case, Plaintiffs contend that Hertz has no justification for untimely disclosing Ford's experts as its own.  Plaintiffs also assert that Plaintiffs will be severely and irreversibly harmed if the court allows Hertz to use Ford's experts at trial for several reasons.  First, Hertz's failure to comply with the court's discovery plan and scheduling order causes disruption to the schedule of the court and other parties which the Ninth Circuit and this court have found is not harmless.  Second, counsel for Plaintiffs maintain they prosecuted this case and made tactical decisions about discovery, evidence and settlement, relying on the fact that Hertz did not designate any experts.  Third, Plaintiffs conducted an unsuccessful mediation with Defendant Ford which did not include Hertz expending attorney time, travel time, and mediation costs.  Plaintiffs would not have agreed to mediate with Ford excluding Hertz if Plaintiffs had known Hertz would be able to have experts available to testify at trial.  Fourth, when Ford's experts were deposed, Plaintiffs' counsel did not ask them any questions regarding their opinions concerning Hertz, what Hertz asked them to do, their past or present relationship with Hertz,

3

1   or their communications with Hertz.  Thus, if the court allows Hertz to designate Ford's experts as its
2   own, discovery will have to be reopened for Plaintiffs to depose these experts a second time.  Finally,
3   Plaintiffs argue that Hertz cannot demonstrate the excusable neglect required for an extension of the
4   expert witness disclosure deadline under LR 6-1(b) and the Ninth Circuit's test for determining whether
5   neglect is excusable.

6         Hertz opposes the motion pointing out that Plaintiffs do not seek to strike the witnesses
7   themselves, or Ford's disclosure and designation of the experts.  Thus, Hertz suggests the motion is
8   premature because if the case goes to trial with Ford as a Defendant, the jury will hear the expert
9   testimony regardless of the designating party.  However, if Ford does settle before trial, Hertz argues it
10  has made it clear throughout the litigation that it planned to rely on all witnesses and documents
11  designated by other parties in this case.  On November 9, 2009, Hertz served its initial production of
12  documents which contained a statement that it incorporated all witnesses identified by other parties in
13  this action and reserved the right to supplement its witness list as discovery proceeded, to call any
14  witness identified by any other party, and to call any witnesses for purposes of impeachment and
15  rebuttal.  The same statement was included in a supplemental production of documents Hertz served
16  May 12, 2010.  On November 16, 2011, the parties filed a joint pretrial order listing the witnesses each
17  party intended to call at trial.  Hertz listed every expert disclosed by Ford in the joint pretrial order and
18  indicated it intended to offer live testimony of the designated witnesses at trial.  Plaintiff did not object
19  to the statements in Hertz's written discovery responses, or in the pretrial order and signed the pretrial
20  order without objection.

21        Counsel for Hertz represents that it only learned after the unsuccessful mediation between the
22  Plaintiffs and Ford that Plaintiffs objected to Hertz relying upon Ford's expert witnesses.  Counsel for
23  Hertz was surprised to learn about Plaintiffs' objections because counsel for Plaintiffs did not object to
24  the language contained in its discovery responses and signed the joint pretrial order without objection.

25        The opposition represents that if the matter goes to trial Hertz will share expert fees equally with
26  Ford, and that if Ford settles, Hertz will pay the expert fees entirely.  Hertz also argues that it was not
27  required to designate another party's experts or file a joinder, but did so out of an abundance of caution
28  when it learned that Plaintiffs intended to object to Hertz calling Ford's experts at trial.  Hertz cites

1  cases outside of the Ninth Circuit for the proposition that a party is not required to disclose the expert
2  witnesses of its adversary, and maintains that a number of decisions have held that a party is not
3  required to designate witnesses designated by other parties in the same case.  Thus, even if the court
4  believes Hertz should have formally designated Ford's experts as its own before the deadline for
5  disclosing experts, its failure is harmless.  Each of these expert witnesses were deposed.  Therefore,
6  Plaintiffs will suffer no prejudice from Hertz's cross-designation of these expert witnesses as its own.
7  Hertz emphasizes that it does not seek to introduce any new expert opinions from these experts.
8  Rather, it seeks to rely upon properly designated and disclosed witnesses and the expert opinions they
9  have already disclosed.
10         Ford filed a Statement (Dkt. #86) to clarify that, although counsel had discussed sharing expert
11  costs with Hertz, no expert sharing agreement had been reached.  Ford does not oppose Hertz's joinder
12  in designating its expert witnesses, but felt it should clarify that Hertz and Ford do not have an expert
13  sharing agreement in place at this time.
14         Hertz filed a Supplement (Dkt, 87) acknowledging that Hertz and Ford had not yet reached a
15  formal agreement regarding fee sharing, and that it did not intend to represent to the court that expert
16  fees had already been shared.  Rather, Hertz expects that if the matter goes to trial, it will reach an
17  agreement with Ford concerning fee sharing for the experts.
18         Plaintiffs reply that Hertz is "dead wrong" in its position it was not required to disclose experts,
19  or in the alternative that if it was required to disclose, its failure to disclose was harmless.  Plaintiffs
20  contend that each of the four cases cited by Hertz in its opposition are outside this circuit and easily
21  distinguishable.  Plaintiffs reiterate that Hertz's untimely disclosure of experts is not harmless.
22  Plaintiffs also point out that Hertz did not even attempt to demonstrate its failure to timely disclose
23  experts was excusable under LR 6-1(b) and applicable Ninth Circuit authority.  Finally, Plaintiffs
24  dispute that the motion to strike is premature as long as Ford is a party to this case.  Plaintiffs
25  acknowledge that the practical effect of Hertz's non-disclosure will likely be minimized if Ford is a
26  party at trial, but argue that the issue of Hertz's untimely improper disclosure is separate from Ford's
27  trial status.  For the reasons argued in its original motion and this reply, Plaintiffs vigorously assert
28  Hertz should not be allowed to offer expert testimony a trial when it ignored the court's scheduling

order and the disclosure requirements of Rule 26.  Plaintiffs therefore request that the court enter an order striking Defendant Hertz's untimely attempt to join Ford's expert witness disclosures, and prohibiting Hertz from presenting any expert witness testimony at trial.

## DISCUSSION

Plaintiffs' motion attaches two orders this court has entered which discuss a party's obligation under Rule 26(a)(2)(B).  Both orders cited by the Plaintiffs are part of the court's standard order concerning disclosure of expert witnesses.

Federal Rule of Civil Procedure 26 requires parties to disclose the identity of any person who may be used as an expert witness.  Fed.R.Civ.P. 26(a)(2)(B).  Rule 26 provides that, "[t]hese disclosures shall be made at the times and in the sequence directed by the court."  Fed.R.Civ.P. 26(a)(2)(C).  Local Rule LR 26-1(e)(3) provides:

> Unless the discovery plan otherwise provides and the court so orders, the time deadlines specified in Federal Rule of Civil Procedure 26(a)(2)(C) for disclosure concerning experts are modified to require that the disclosures be made sixty (60) days before the discovery cut-off date and that disclosures respecting rebuttal experts be made thirty (30) days after the initial disclosure of experts.

LR 26-1(e)(3).

For each disclosed expert, Rule 26(a)(2)(B) requires that an expert witness disclosure be accompanied by a written report prepared and signed by the witness containing: (1) a complete statement of all opinions and the basis and reasons therefor; (2) the data or other information considered by the witness in forming the opinions; (3) any exhibits to be used as a summary of or support for the opinions; (4) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; (5) the compensation to be paid for the study and testimony; and (6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  Fed. R. Civ. P. 26(a)(2)(B).  An expert's report must be "detailed and complete."  *Elgas*, 179 F.R.D. at 300 (*quoting Sierra Club v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996)).  Expert reports are required in order to eliminate "unfair surprise to the opposing party and [to conserve] resources."  *Elgas*, 179 F.R.D. at 299 (*quoting Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996)).  In *Elgas,* the court struck the designation of an expert because he had not listed the

1 cases in which he had testified as an expert in his report . *Id.* at 300.

2 Fed. R. Civ. P. 37 authorizes sanctions for a party's failure to make disclosures or cooperate in discovery. Rule 37(c)(1) provides, in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). Rule 37 "gives teeth" to the disclosure requirements of Rule 26 by forbidding the use at trial of any information that is not properly disclosed. *Goodman*, 644 F.3d at 827. Rule 37(c)(1) is a "self-executing, automatic" sanction designed to provide a strong inducement for disclosure. *Id*. Rule 37(a)(3) explicitly provides that an evasive or incomplete disclosure, answer, or response to a discovery obligation "is to be treated as a failure to disclose, answer, or respond." *Id.*

Applying Rule 37(a)(3) and (c)(1) compels the conclusion that an expert's trial testimony should be automatically excluded if a party fails to strictly comply with the requirements of Rule 26(a)(2)(B) unless the court finds that there was a substantial justification for the failure to make complete disclosure, or that the failure to disclose is harmless. *Id; Elgas*, 179 F.R.D. at 299 (*citing Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 503 (D. Md. 1997)). In the Ninth Circuit, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation . . . ." *Continental Lab.*, 195 F.R.D. at 677 (*quoting Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)). If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, "the degree and severity of which are within the discretion of the trial judge." *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998).

The Ninth Circuit reviews a district court's decision to sanction for a violation of the discovery rules for abuse of discretion which gives "particularly wide latitude to a district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (*citing Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)). The burden is on the party facing discovery sanctions under Rule 37(c)(1) to prove harmlessness. *Id*. at 1107. Exclusion of an expert's testimony for failure to comply with the requirements of Rule 26(a) is a sanction available to the trial court within its wide discretion under Rule 37(c)(1) even in the absence of showing a bad faith or willfulness. *Id*. at 1106.

1        The district court also has discretion to exclude expert witnesses who have not been timely
2 disclosed in compliance with the court's scheduling order. *Wong v. Regents of the University of*
3 *California*, 410 F.3d 1052, 1062 (9th Cir. 2005).  As the Ninth Circuit recognizes, courts enter
4 scheduling orders "to permit the court and the parties to deal with cases in a thorough and orderly
5 manner, and they must be allowed to enforce them, unless there are good reasons not to." *Id*.
6 Therefore, when a party fails to identify expert witnesses, and provide the disclosures required by Rule
7 26(a)(2) in accordance with the court's scheduling order, "[d]isruption to the schedule of the court and
8 other parties in that manner is not harmless." *Id*.  The Ninth Circuit has affirmed exclusion of expert
9 testimony when the expert was disclosed twenty days late, and the expert reports were six weeks late.
10 *See Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255 (9th Cir. 1998).

11        Neither side has cited a case directly on point in their moving and responsive papers, and this
12 precise issue is one of first impression before this court.  It is undisputed that Ford timely designated its
13 expert witnesses and rebuttal expert in compliance with its obligations under Rule 26(a)(2)(A) and this
14 court's discovery plan and scheduling order deadlines.  For each disclosed expert a written report was
15 prepared and served on the Plaintiffs.  Plaintiffs do not claim that the expert witness disclosures or
16 reports were inadequate in any respect.  Plaintiffs deposed all 11 experts and had the opportunity to
17 fully explore all of the experts' opinions.  The purpose of expert reports is to eliminate unfair surprise
18 to the opposing party and conserve resources.  Rule 26(a)(2)(A) facilitates preparation for expert
19 testimony and allows trial lawyers to prepare intelligently for trial.  The disclosure of expert reports also
20 enables trial lawyers to solicit the opinions of other experts or consultants on the soundness of the
21 opinions expressed in the reports, and if appropriate, to designate rebuttal experts.  None of the
22 purposes behind the rule suggest that the court should exclude expert testimony on the ground another
23 party in the same case did not formally designate the expert as its own, or serve a redundant Rule
24 26(a)(2)(A) expert report.

25        In this case the Plaintiffs have sued both Ford and Hertz on a common legal theory.  The
26 pleadings have been amended and refined throughout the course of the litigation.  After the close of
27 discovery Plaintiffs filed a motion to file a third amended complaint to further narrow their allegations
28 against Ford and Hertz which was not opposed and granted.  The motion to file a third amended

complaint clarified that after all parties had had the opportunity to inspect the vehicle involved in this accident, including its air bag and seatbelt systems, the Plaintiffs were abandoning their seatbelt defect claims, and narrowing their claims to defects related to the non-deployment of the vehicle's frontal air bag.

This is a negligence and strict liability case. Hertz filed a motion to dismiss after the close of discovery which argued that the Plaintiffs could not state a claim for relief because the Nevada Supreme Court has not applied the crash worthiness doctrine or the doctrine of strict products liability to short term lessors. Plaintiffs opposed the motion to dismiss. The Plaintiffs' opposition acknowledged that the Nevada Supreme Court has not specifically ruled on whether strict liability applies to commercial lessors like Hertz. However, the Plaintiffs rely upon a number of cases in other jurisdictions, and § 402(A) of the Restatement (Second) of Torts, and the Restatement (Third) of Torts Products Liability § 20 (1998). These cases and the Restatement have extended strict liability to commercial product lessors particularly in the case of vehicles. The district judge has now denied the motion to dismiss and set this case is set for trial.

Where, as here, the same claims and theory of liability are asserted against both Defendants, the court finds that the objectives of Rule 26(a)(2)(A) do not mandate that Hertz should have cross-designated Ford's experts before the expiration of the discovery plan and scheduling order deadlines for disclosing experts. In its opposition Hertz emphasizes that it does not seek to introduce any new experts or new opinions at the time of trial. Rather, Hertz only intends to rely upon properly designated and disclosed expert witnesses who have submitted Rule 26(a)(2)(A) compliant reports and been deposed. Hertz has made it clear from the beginning of the discovery in this case that it was incorporating all witnesses identified by all the other parties in their own in discovery responses and initial disclosures, and may call any witness identified by any other party at trial. The same statement was included in its portion of the Joint Pretrial Order. Thus, if Plaintiffs are surprised that Hertz intended to rely on Ford's experts at trial, the court finds the surprise is not unfair. The Plaintiffs have been on notice since the beginning of the case that Hertz might call witnesses identified by other parties.

///

9

Similarly, Hertz failure to formally cross-designate Ford's experts as his own before the expiration of the discovery cutoff is, under the circumstances, harmless. The committee notes to the 1993 amendment to Rule 37, which put into place the provisions of Rule 37(c)(1) in its current form, address just this point:

> Limiting the automatic sanction to violations "without substantial justification," coupled with the exception for violations that are "harmless," is needed to avoid unduly harsh penalties in a variety of situations: *e.g.* the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of potential witness known to all parties; **the failure to list as a trial witness a person so listed by another party**; . . .

Advisory Committee Notes to 1993 Amendment to Rule 37 (emphasis applied).

Plaintiffs argue they will be prejudiced because allowing late designation will require reopening discovery and disrupt the discovery plan and scheduling order deadlines of the parties and the court which the Ninth Circuit has held is not harmless. Plaintiffs also argue that they will be prejudiced because they made decisions throughout the course of this case relying on the fact that Hertz had not designated experts. Plaintiffs do not indicate what decisions they made detrimentally relying on the fact that Hertz had not expressly designated Ford's experts as its own except for the unsuccessful mediation they conducted without including Hertz. It is apparent that Plaintiffs' strategy was to settle this case with Ford and then proceed to trial against Hertz on the same negligence and products liability claims taking the position that Hertz could not defend itself without experts. A civil trial is supposed to be a search for the truth, not a game. Plaintiffs "surprise" that Hertz intended to rely on Ford's experts, who have fully disclosed their opinions and been deposed is not the type of prejudice Rule 26(a)(2)(A) and Rule 37(c)(1) were intended to address.

The Plaintiffs know what the experts' opinions are and have had a full opportunity to explore those opinions in deposition with one exception. The court agrees that because Hertz did not formally cross-designate Ford's experts as its own, counsel for Plaintiffs may not have appreciated the potential that Hertz would rely on the same experts and the same opinions, and therefore did not examine the experts about their past or present relationship with Hertz, potential bias, and any communications with Hertz or its counsel. Any prejudice caused by this can be easily eliminated by allowing Plaintiffs an opportunity to reopen the depositions of these experts, at Hertz's expense, for this limited purpose.

///

Having reviewed and considered the moving and responsive papers, and for the reasons stated,

**IT IS ORDERED** that:

1. Plaintiffs' Motion to Strike Defendant's The Hertz Corporation's Joinder to Defendant's Ford Motor Company's Disclosure of Expert Witnesses (Dkt. #84) is **DENIED**.

2. Counsel for Plaintiffs may reopen the deposition of all 11 experts designated by Ford who have been deposed, and cross-designated by Hertz, at the expense of Hertz, for the limited purpose of inquiring about the experts' past or present relationship with Hertz, potential bias, and any communications with Hertz or its counsel.

3. The parties shall forthwith meet and confer and schedule the depositions of these expert witnesses for the limited purposes described in Paragraph 2 no later than 45 days from entry of this order. The reopened depositions may be taken telephonically, and shall be limited to one hour in duration, excluding any objections, comments or colloquy of counsel on the record.

Dated this 17th day of January, 2012.

_____
Peggy A. Leen
United States Magistrate Judge