# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KATHRYN A. NIEMEYER,

    Plaintiff,

v.

FORD MOTOR COMPANY, et al.,

    Defendants.

2:09-CV-2091 JCM (PAL)

## ORDER

Presently before the court is plaintiffs' motion for reconsideration of Magistrate Judge Peggy A. Leen's order denying plaintiffs' motion to strike defendant Hertz Corporation's designation of expert witnesses. (Doc. #90). Hertz has filed an opposition (doc. #93), to which plaintiffs have replied (doc. #94).

**I.  Background**

The facts of the present case are well known to the litigants. For present purposes, however, a short recitation of the procedural history will help to shed light on the dispute regarding Hertz's designation – or put more precisely, joinder to co-defendant Ford Motor Company's designation – of expert witnesses. The original discovery plan and scheduling order (doc. #21) established a September 3, 2010, discovery cutoff, and July 6, 2010, deadline to disclose experts.

Pursuant to court order (doc. #51), the deadline for disclosing experts was extended until January 3, 2011, and the deadline for disclosing rebuttal experts was extended to February 1, 2011. The parties were given until February 18, 2011, to complete expert depositions. Thereafter, the parties stipulated to a 75-day extension of the discovery plan, to take 11 expert witness depositions.

**James C. Mahan**
**U.S. District Judge**

1  The expert depositions were taken and discovery closed. The parties filed dispositive motions which
2  have now been decided, and the matter is set for jury trial May 7, 2012.

3  Shortly after the parties filed the joint pretrial order plaintiffs filed a motion seeking to strike
4  a joinder Hertz filed to Defendant Ford's disclosure of expert witnesses and rebuttal expert
5  witnesses. On November 10, 2011, well after the close of discovery and 10 months after the deadline
6  for disclosure of expert witnesses, Hertz served counsel for plaintiff with joinders indicating that
7  Hertz joined in the designation of Ford's expert witnesses Cleve Bare, Gerry Cowin, Elizabeth
8  Rafael, M.D., Gregory A. Miller, P.E., Thomas Bennett, M.D., and Mr. Ram Krishnaswami. Hertz
9  also served plaintiffs' counsel with a joinder indicating it was jointly designating Ford's rebuttal
10 expert witness, David Weiner, M.B.A., as its own.

11 In denying plaintiffs' motion to strike, Magistrate Judge Leen summarized plaintiffs' position
12 as follows:

> Plaintiffs also assert that Plaintiffs will be severely and irreversibly harmed if the court allows Hertz to use Ford's experts at trial for several reasons. First, Hertz's failure to comply with the court's discovery plan and scheduling order causes disruption to the schedule of the court and other parties which the Ninth Circuit and this court have found is not harmless. Second, counsel for Plaintiffs maintain they prosecuted this case and made tactical decisions about discovery, evidence and settlement, relying on the fact that Hertz did not designate any experts. Third, Plaintiffs conducted an unsuccessful mediation with Defendant Ford which did not include Hertz expending attorney time, travel time, and mediation costs. Plaintiffs would not have agreed to mediate with Ford excluding Hertz if Plaintiffs had known Hertz would be able to have experts available to testify at trial. Fourth, when Ford's experts were deposed, Plaintiffs' counsel did not ask them any questions regarding their opinions concerning Hertz, what Hertz asked them to do, their past or present relationship with Hertz, or their communications with Hertz. Thus, if the court allows Hertz to designate Ford's experts as its own, discovery will have to be reopened for Plaintiffs to depose these experts a second time. Finally, Plaintiffs argue that Hertz cannot demonstrate the excusable neglect required for an extension of the expert witness disclosure deadline under LR 6-1(b) and the Ninth Circuit's test for determining whether neglect is excusable.

Doc. #89, 3:18-4:5. Ultimately, the magistrate judge denied plaintiffs' motion to strike, finding that because both Hertz and Ford were being sued under the same legal theories, and because plaintiffs' were aware from the outset of the litigation that Hertz intended to call the same witnesses as Ford, Hertz's actions were harmless. Specifically, the magistrate judge held as follows:

**James C. Mahan**
**U.S. District Judge**

- 2 -

> Where, as here, the same claims and theory of liability are asserted against both Defendants, the court finds that the objectives of Rule 26(a)(2)(A) do not mandate that Hertz should have cross-designated Ford's experts before the expiration of the discovery plan and scheduling order deadlines for disclosing experts.  In its opposition Hertz emphasizes that it does not seek to introduce any new experts or new opinions at the time of trial.  Rather, Hertz only intends to rely upon properly designated and disclosed expert witnesses who have submitted Rule 26(a)(2)(A) compliant reports and been deposed. Hertz has made it clear from the beginning of the discovery in this case that it was incorporating all witnesses identified by all the other parties in their own in discovery responses and initial disclosures, and may call any witness identified by any other party at trial.  The same statement was included in its portion of the Joint Pretrial Order.  Thus, if Plaintiffs are surprised that Hertz intended to rely on Ford's experts at trial, the court finds the surprise is not unfair.  The Plaintiffs have been on notice since the beginning of the case that Hertz might call witnesses identified by other parties.

*Id.* at 9:15-27.

Plaintiffs have objected to, and seek reconsideration of, the magistrate judge's ruling.

**II.     Discussion**

The district court "may reconsider any pretrial matter [adjudicated by the magistrate judge] . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 631(b)(1)(A); LR IB 3-1(a).  The district judge may "affirm, reverse or modify, in whole or in part, the ruling made by the magistrate judge."  LR IB 3-1(b).

Federal Rule of Civil Procedure 26(a)(2)(A) requires parties to disclose the identity of any person who may be used as an expert witness.  Rule 26 provides that, "[t]hese disclosures shall be made at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)©).  Local Rule of Civil Practice LR 26-1(e)(3) provides:

> Unless the discovery plan otherwise provides and the court so orders, the time deadlines specified in Federal Rule of Civil Procedure 26(a)(2)©) for disclosure concerning experts are modified to require that the disclosures be made sixty (60) days before the discovery cut-off date and that disclosures respecting rebuttal experts be made thirty (30) days after the initial disclosure of experts.

LR 26-1(e)(3).  Rule 26(a)(2)(B) requires that the Rule 26(a)(2)(A) disclosure be accompanied by a written report containing:

    (I)     a complete statement of all opinions the witness will express and the basis and reasons for them;
    (ii)    the facts or data considered by the witness in forming them;
    (iii)   any exhibits that will be used to summarize or support them;
    (iv)   the witness's qualifications, including a list of all publications authored in the previous 10 years;

**James C. Mahan**
**U.S. District Judge**

1       (v)     a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

2       (vi)    a statement of the compensation to be paid for the study and testimony in the case.

Expert reports are required in order to eliminate "unfair surprise to the opposing party and [to conserve] resources." *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 299 ( D. Nev. 1998) (*quoting Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996)). The failure to comply with Rule 26's disclosure and reporting requirements results in the automatic exclusion of the expert witness "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In light of the foregoing, this court cannot hold that Magistrate Judge Leen's order denying the motion to strike was "clearly erroneous or contrary to law." *See* 28 U.S.C. § 631(b)(1)(A).

The precise question posed by plaintiffs' motion to strike and motion to reconsider is a question of first impression in this court. Plaintiffs could not have been unfairly surprised by the joinder due to Hertz's continued representation that it was incorporating all witnesses identified by all the other parties in their own in discovery responses and initial disclosures, and may call any witness identified by any other party at trial.

More importantly, the committee notes to the 1993 amendment to Rule 37, which put into place the provisions of Rule 37(c)(1) in its current form, address a parallel situation to that at bar. The committee notes make clear that Rule 37's automatic sanction of excluding expert testimony due to a failure to designate pursuant to Rule 26 does not apply to situations where a party "fail[s] to list as a trial witness a person so listed by another party." Advisory Committee Notes to 1993 Amendment to Rule 37.

Here, Ford already listed the experts as trial witnesses. Ford also provided a proper designation and report pursuant to Rule 26. Accordingly, Hertz's failure to formally cross-designate the experts was harmless.

Therefore,

. . .

. . .

...

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to
2    reconsider Magistrate Judge Leen's January 17, 2012, order (doc. #90) be, and the same hereby is,
3    DENIED.
4    DATED March 12, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 5 -