

Daniel S. Rodman
Nevada Bar No. 8239
Jay J. Schuttert
Nevada Bar No. 8656
Joshua D. Cools
Nevada Bar No. 11941
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: drodman@swlaw.comF
Email: jschuttert@swlaw.com
Email: jcools@swlaw.com

Attorneys for Defendant
FORD MOTOR COMPANY

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
JUL 18 2012
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KATHRYN A. NIEMEYER, individually and as the Representative of the Estate of ANTHONY NIEMEYER, MARK NIEMEYER, JESSICA NIEMEYER, and REBECCA NIEMEYER,

Plaintiffs,

vs.

FORD MOTOR COMPANY, a Delaware corporation; THE HERTZ CORPORATION, a Delaware corporation; HERTZ RENT-A-CAR, a corporation; DOES I through XX; ROES I through XX; MOES I through XX; and POES I through XX, inclusive,

Defendants.

CASE NO. 2:09-cv-2091-JCM-PAL

**PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS**

Ford Motor Company and Plaintiffs submits these agreed upon jury instructions pursuant

///

///

///

///

///

///



Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

to this Court's Scheduling Order, and requests that the Court instruct the jury on the law as set forth herein.

DATED this _____ day of July, 2012.

SNELL & WILMER L.L.P.

By:______________________________

Daniel S. Rodman
Nevada Bar No. 8239
Jay J. Schuttert
Nevada Bar No. 8656
Joshua D. Cools
Nevada Bar No. 11941
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

Attorneys for Defendant
FORD MOTOR COMPANY

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**REQUESTED JURY INSTRUCTION NO. 1**

**Duties of Jury**

**(Court reads and provides written instructions at end of case)**

Members of the jury, now that you have heard all the evidence (and the arguments of the attorneys), it is my duty to instruct you as to the law of the case. A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**SOURCE:** JCM STOCK CIVIL JURY INSTRUCTION 1.1C; *see also* 9th Cir. Model Jury Instructions – Civil 1.1C (2007).

**REQUESTED JURY INSTRUCTION NO. 2**

**Burden Of Proof–Preponderance of The Evidence**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means that you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

At the beginning of the case, I told you that the party asserting a claim has the burden of proving that claim by a preponderance of the evidence. That means that a party asserting a claim has to produce evidence which, considered in the light of all of the facts, leads you to believe that what the party claims is more likely true than not. To put it differently, if you were to place each party's evidence on opposite sides of the scales, the party asserting a claim would have to make the scales tip slightly on that side. If the party asserting a claim fails to meet this burden, the verdict must be for the defending party.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That is a stricter standard, i.e., it requires more proof than a preponderance of the evidence. The reasonable doubt standard does not apply to a civil case and you should therefore put it out of your mind.

The plaintiffs have the burden of proof as to the elements of their case by a preponderance of the evidence.

**SOURCE:** JCM STOCK CIVIL JURY INSTRUCTION 1.3; *see also* 9th Cir. Model Jury Instructions – Civil 1.3 (2007).

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**REQUESTED JURY INSTRUCTION NO. 3**

**What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness;
2. The exhibits which are received into evidence; and
3. Any facts to which the lawyers have agreed.

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**SOURCE:** JCM STOCK CIVIL JURY INSTRUCTION – 1.6; *see also* 9th Cir. Model Jury Instructions – Civil 1.6 (2007).

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**REQUESTED JURY INSTRUCTION NO. 4**

**Two or More Parties – Different Legal Rights**

You should decide the case as to each plaintiff separately. Unless otherwise stated, the instructions apply to all parties.

**SOURCE:** JCM STOCK CIVIL JURY INSTRUCTION – 1.5 (inserting "plaintiff"); *see also* 9th Cir. Model Jury Instructions – Civil 1.5 (2007).

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**REQUESTED JURY INSTRUCTION NO. 5**

**What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give or have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**SOURCE:** JCM STOCK CIVIL JURY INSTRUCTION – 1.7; *see also* 9th Cir. Model Jury Instructions – Civil 1.7 (2007).

**REQUESTED JURY INSTRUCTION NO. 6**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you can find another fact. You should consider both direct and circumstantial evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**SOURCE:** JCM STOCK CIVIL JURY INSTRUCTION – 1.9; *see also* 9th Cir. Model Jury Instructions – Civil 1.9 (2007).

**REQUESTED JURY INSTRUCTION NO. 7**

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

**SOURCE:** JCM STOCK CIVIL JURY INSTRUCTION – 1.11; *see also* 9th Cir. Model Jury Instructions – Civil 1.11 (2007).

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**REQUESTED JURY INSTRUCTION NO. 8**

**Corporations and Partnerships—Fair Treatment**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**SOURCE:** 9th Cir. Model Jury Instructions – Civil 4.1 (2007).

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**REQUESTED JURY INSTRUCTION NO. 9**

**Deposition In Lieu Of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions of numerous witnesses were taken in preparation for this trial. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**SOURCE:** 9th Cir. Model Jury Instructions – Civil 2.4 (2007) (replacing "The deposition of [*witness*] was taken on [*date*]" with "The depositions of numerous witnesses were taken in preparation for this trial.").

**REQUESTED JURY INSTRUCTION NO. 10**

**Impeachment Evidence—Witness**

The evidence that a witness lied under oath on a prior occasion, etc. may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**SOURCE:** 9th Cir. Model Jury Instructions – Civil 2.8 (2007).

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**REQUESTED JURY INSTRUCTION NO. 11**

**Expert Opinion**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**SOURCE:** 9th Cir. Model Jury Instructions – Civil 2.11 (2007); Fed. R. Evid. 602, 701–05.

**REQUESTED JURY INSTRUCTION NO. 12**

**Charts And Summaries Not Received In Evidence**

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**SOURCE:** 9th Cir. Model Jury Instructions – Civil 2.12 (2007) (using "may be"); *see also* NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 3.10A (2004).

**REQUESTED JURY INSTRUCTION NO. 13**

**Design Defect: Definition**

A product is defective in its design if, as a result of its design, the product is unreasonably dangerous.

**SOURCE:** Nevada Jury Instructions - Civil, 2011 Edition Inst. 7PL.4 (2011); *see also Ginnis v. Mapes Hotel Corp.*, 86 Nev. 408, 413, 470 P.2d 135, 138 (1970) (definition of "defective") (see use note).

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**REQUESTED JURY INSTRUCTION NO. 14**

**Manufacturing Defect: Definition**

A product is defective in its manufacture if the product differs from the manufacturer's intended result or if the product differs from apparently identical products from the same manufacturer and, as result of this difference, the product is unreasonably dangerous.

**SOURCE:** Nevada Jury Instructions - Civil, 2011 Edition Inst. 7PL.5 (2011); *see also Ginnis v. Mapes Hotel Corp.*, 86 Nev. 408, 413, 470 P.2d 135, 138 (1970) (definition of "defective") (see use note).

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**REQUESTED JURY INSTRUCTION NO. 15**

**Unreasonably Dangerous: Definition**

A product is unreasonably dangerous if it failed to perform in the manner reasonably to be expected in light of its nature and intended function, and was more dangerous than would be contemplated by the ordinary user having the ordinary knowledge available in the community.

**SOURCE:** Nev.J.I. 7PL.7 (2011); *see also Ward v. Ford Motor Co.*, 99 Nev. 47, 657 P.2d 95 (1983).

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**REQUESTED JURY INSTRUCTION NO. 16**

**Damages Arising In The Future—Discount To Present Cash Value**

Any award for future economic damages must be for the present cash value of those damages. Noneconomic damages are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**SOURCE:** 9th Cir. Model Jury Instructions – Civil 5.4 (2007) (omitting "such as pain and suffering"); *see also Monessen Southwestern Ry. Co. v. Morgan*, 486 U.S. 330, 339–42 (1988); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 508–09 (9th Cir.2000).

**REQUESTED JURY INSTRUCTION NO. 17**

**Personal Injury and Property Damage; Closing Instruction**

Whether any of these elements of damage have been proven by the evidence is for you to determine. Neither sympathy nor speculation is a proper basis for determining damages. However, absolute certainty as to the damages is not required. It is only required that plaintiffs prove each item of damage by a preponderance of the evidence.

**SOURCE:** Nevada Jury Instructions - Civil, 2011 Edition Inst. 5PID.9 (2011); *see also* *Quintero v. McDonald*, 116 Nev. 1181, 14 P.3d 522 (2000).

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**REQUESTED JURY INSTRUCTION NO. 18**

**Duty To Deliberate**

When you begin your deliberations, elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**SOURCE:** JCM STOCK CIVIL JURY INSTRUCTION – 3.1; *see also* 9th Cir. Model Jury Instructions – Civil 3.1 (2007).

**REQUESTED JURY INSTRUCTION NO. 19**

**Communication With Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**SOURCE:** JCM STOCK CIVIL JURY INSTRUCTION – 3.2; *see also* 9th Cir. Model Jury Instructions – Civil 3.2 (2007).

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**REQUESTED JURY INSTRUCTION NO. 20**

**Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it and advise the court that you are ready to return to the courtroom.

**SOURCE:** JCM STOCK CIVIL JURY INSTRUCTION – 3.3; *see also* 9th Cir. Model Jury Instructions – Civil 3.3 (2007).

**REQUESTED JURY INSTRUCTION NO. 21**

**The Use of Electronic Technology to Conduct Research on or Communicate about a Case**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as telephone, cell phone, smart phone, iPhone, Blackberry or computer, the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

**SOURCE:** Proposed Model Jury Instructions The Use of Electronic Technology to Conduct Research on or Communicate about a Case Prepared by the Judicial Conference Committee on Court Administration and Case Management, December 2009.

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**REQUESTED JURY INSTRUCTION NO. 22**

The plaintiffs seek to establish a claim that the airbag system of the subject 2007 Ford Focus was defective. I will now instruct you on the law relating to this claim.

**SOURCE:** Nevada Jury Instructions – Civil, 7PL.1 (2011)(inserting "airbag system of the subject 2007 Ford Focus" for "product in question").

**PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 23**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. If you find for the plaintiffs, you must determine the plaintiffs' damages. The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for the death of Anthony Niemeyer if you find his death was caused by the defendant. You should consider the following:

Plaintiffs are the heirs of the deceased. In determining the amount of losses, if any suffered, by the heirs as a legal result of the death of Anthony Niemeyer, you will decide upon a sum of money sufficient to reasonably compensate each such heir for the following items:

1. The heir's loss of probable support, companionship, society, comfort and consortium.

In determining that loss, you may consider the financial support, if any, which the heir would have received from the deceased except for his death, and the right to receive support, if any, which the heir has lost by reason of his death.

The right to received support from another is not destroyed by the fact that the former does not need the support, nor by the fact that the latter has not provided it. You may also consider:

a) The age of the deceased and of the heir;

b) The health of the deceased and the heir;

c) The respective life expectancies of the deceased and of the heir;

d) Whether the deceased was kindly, affectionate or otherwise;

e) The disposition of the deceased to contribute financially to support the heir;

f) The earning capacity of the deceased;

g) His or her habits of industry and thrift; and

h) Any other facts shown by the evidence indicating what benefits the heir might reasonably have been expected to receive from the deceased had he lived.

i)

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

2. Any grief or sorrow suffered by the heir and any grief or sorrow reasonably certain to be experienced in the future.

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**SOURCE:** Nevada Jury Instructions – Civil, 5PID.1, 5PID.5 (2011); NRS 41.085; *General Elec. Co. v. Bush*, 88 Nev. 360, 498 P.2d 366 (1972); *Sierra Pac. Power Co. v. Anderson*, 77 Nev. 68, 358 P.2d 892 (1961).

**REQUESTED JURY INSTRUCTION NO. 24**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**SOURCE:** 9th Circuit Model Jury Instructions – 1.10

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**REQUESTED JURY INSTRUCTION NO. 25**

Whether any of these elements of damage have been proven by the evidence is for you to determine. Neither sympathy nor speculation is a proper basis for determining damages. However, absolute certainty as to the damages is not required. It is only required that the plaintiff prove each item of damage by a preponderance of the evidence.

**SOURCE:** Nevada Jury Instructions — Civil, 5PID.9 (2011); *Quintero v. McDonald,* 116 Nev. 1181, 14 P.3d 522 (2000).

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**REQUESTED PRELIMINARY JURY INSTRUCTION NO. 1**

**Conduct of The Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings.

**SOURCE:** 9th Cir. Model Jury Instructions – Civil 1.12 (2007).

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**REQUESTED PRELIMINARY JURY INSTRUCTION NO. 2**

**The Use of Electronic Technology to Conduct Research on or Communicate about a Case**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end. I hope that for all of you this case is interesting and noteworthy. I know that many of you use cell phones, Blackberries, the internet and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, IPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, My Space, LinkedIn, and YouTube.

**SOURCE:** Proposed Model Jury Instructions The Use of Electronic Technology to Conduct Research on or Communicate about a Case Prepared by the Judicial Conference Committee on Court Administration and Case Management, December 2009

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**REQUESTED PRELIMINARY JURY INSTRUCTION NO. 3**

**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**SOURCE:** 9th Cir. Model Jury Instructions – Civil 1.14 (2007).

**REQUESTED PRELIMINARY JURY INSTRUCTION NO. 4**

**Outline of Trial**

Trials proceed in the following way:

First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiffs will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**SOURCE:** 9th Cir. Model Jury Instructions – Civil 1.19 (2007).

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**REQUESTED PRELIMINARY JURY INSTRUCTION NO. 5**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**SOURCE:** 9th Circuit Model Jury Instructions-1.18

**CERTIFICATE OF SERVICE**

I hereby declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **PARTIES JOINTLY PROPOSED JURY INSTRUCTIONS** by e-mail to the following:

Ralph J. Rohay, Esq.
309 W. Lake Mead Pkwy., Ste. B
Las Vegas, NV 89015
Telephone: (702) 737-1122
Facsimile: (702) 737-3110
Attorneys for Plaintiffs

Bradley D. Kuhlman, Esq. (*Pro Hac Vice*)
Chad C. Lucas, Esq. (*Pro Hac Vice*)
Kuhlman & Lucas, LLC
1100 Main St., Suite 2550
Kansas City, MO 64105
Telephone: (816) 799-0330
Facsimile: (816) 799-0336
Attorneys for Plaintiffs

Daniel T. Ryan, Esq. (*Pro Hac Vice*)
Law Office of Daniel T. Ryan, LLC
1717 Park Avenue
St. Louis, MO 63104
Telephone: (314) 222-7717
Facsimile: (314) 932-2688
Attorneys for Plaintiffs

Phillip R. Emerson, Esq.
EMERSON & MANKE, PLLC
1055 Whitney Ranch Drive, Suite 120
Henderson, NV 89014
Telephone: (702) 384-9444
Facsimile: (702) 384-9447
Attorneys for Defendant
THE HERTZ CORPORATION

DATED this _____ day of July, 2012.

______________________________
An Employee of Snell & Wilmer L.L.P.

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200