1  Daniel S. Rodman
   Nevada Bar No. 8239
2  Jay J. Schuttert
   Nevada Bar No. 8656
3  Joshua D. Cools
   Nevada Bar No. 11941
4  SNELL & WILMER L.L.P.
   3883 Howard Hughes Parkway, Suite 1100
5  Las Vegas, NV 89169
   Telephone: (702) 784-5200
6  Facsimile: (702) 784-5252
   Email: drodman@swlaw.com
7  Email: jschuttert@swlaw.com
   Email: jcools@swlaw.com
8
   Attorneys for Defendant
9  FORD MOTOR COMPANY



10              UNITED STATES DISTRICT COURT

11                   DISTRICT OF NEVADA

12 | KATHRYN A. NIEMEYER, individually and | CASE NO. 2:09-cv-2091-JCM-PAL
   | as the Representative of the Estate of
13 | ANTHONY NIEMEYER, MARK NIEMEYER,
   | JESSICA NIEMEYER, and REBECCA
14 | NIEMEYER,                             | **DEFENDANT FORD MOTOR
   |                                       | COMPANY'S PROPOSED JURY
15 |                 Plaintiffs,           | INSTRUCTIONS CONTESTED BY
   |                                       | PLAINTIFFS**
16 | vs.
17 | FORD MOTOR COMPANY, a Delaware
   | corporation; THE HERTZ CORPORATION, a
18 | Delaware corporation; HERTZ RENT-A-
   | CAR, a corporation; AUTOLIV ASP, INC., a
19 | Missouri corporation; MORTON
   | INTERNATIONAL, INC.; DOES I through
20 | XX; ROES I through XX; MOES I through
   | XX; and POES I through XX, inclusive,
21 |
   |                 Defendants.
22 |

23       Ford Motor Company submits these proposed jury instructions, which are contested by

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

15484583

Plaintiffs, pursuant to this Court's Scheduling Order, and requests that the Court instruct the jury on the law as set forth herein.

DATED this _____ day of July, 2012.

                    SNELL & WILMER L.L.P.

By: _____
Daniel S. Rodman
Nevada Bar No. 8239
Jay J. Schuttert
Nevada Bar No. 8656
Joshua D. Cools
Nevada Bar No. 11941
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

Attorneys for Defendant
FORD MOTOR COMPANY

# FORD'S REQUESTED JURY INSTRUCTION NO. 1

## Respective Burdens of Plaintiffs; General

The plaintiffs have the burden of proving by a preponderance of the evidence all of the facts necessary to establish the following:

- Strict Product Liability

**SOURCE:** Nevada Jury Instructions - Civil, 2011 Edition Inst. 4NG.7 (2011) (inserting "Strict Product Liability" and omitting portion regarding a defendant's burden); *see also* CA BAJI 2.60; *Radius v. Travelers Ins. Co.*, 87 F.2d 412 (9th Cir. 1937); *Clark v. State*, 95 Nev. 24, 588 P.2d 1027 (1979); NRS 47.180.

15484583

# FORD'S REQUESTED JURY INSTRUCTION NO. 2

## Elements

In order to establish a claim of strict liability for a defective product, the plaintiffs must prove the following elements by a preponderance of the evidence:

1. That Ford Motor Company was the manufacturer of the 2007 Ford Focus;

2. That the 2007 Ford Focus was defective;

3. That the defect existed when the 2007 Ford Focus left Ford Motor Company's possession;

4. That the 2007 Ford Focus was used in a manner which was reasonably foreseeable by Ford Motor Company; and

5. That the defect was a proximate cause of the injury to the plaintiffs.

**SOURCE:** Nevada Jury Instructions - Civil, 2011 Edition Inst. 7PL.5 (2011) (inserting "manufacturer", "proximate", "Ford Motor Company" for "the defendant", and "2007 Ford Focus" for "the product"); *see also Allison v. Merck and Co., Inc.*, 110 Nev. 762, 767, 878 P.2d 948, 952 (1994); *see also Shoshone Coca Cola Bottling Co. v. Dolinski*, 82 Nev. 439, 443, 420 P.2d 855, 858 (1966); *Ginnis v. Mapes Hotel Corp.*, 86 Nev. 408, 413, 470 P.2d 135, 138 (1970) (definition of "defective").

## FORD'S REQUESTED JURY INSTRUCTION NO. 3

### State of the Art Defense

Ford Motor Company claims that a state of the art defense is applicable to the plaintiffs' claim that the 2007 Ford Focus was defective.

Ford Motor Company is not liable if it proves that the design of the 2007 Ford Focus conformed with the state of the art at the time the product was first sold by Ford Motor Company.

"State of the art" means the technical, mechanical, and scientific knowledge of manufacturing, designing, testing, or labeling the same or similar products which was in existence and reasonably feasible for use at the time of manufacture.

**SOURCE:** RAJI (Civil) 4th Product Liability 7 (inserting "Ford Motor Company" for "defendant", "2007 Ford Focus" for "product", and "liable" for "at fault"). Copy of form instruction is attached as **Exhibit 1**.

## FORD'S REQUESTED JURY INSTRUCTION NO. 4

### Compliance with Regulations

Compliance or noncompliance with government regulations in place at the time a product was manufactured is relevant to determine whether the product was defective and unreasonably dangerous.

**SOURCE:** *Robinson v. GGC, Inc.*, 107 Nev. 135, 808 P.2d 522 (1991).

# FORD'S REQUESTED JURY INSTRUCTION NO. 5

## Compliance with Industry Standards

Compliance or noncompliance with the industry standards in place at the time a product was manufactured is relevant to determine whether the product was defective and unreasonably dangerous.

**SOURCE:**   *Robinson v. GGC, Inc.*, 107 Nev. 135, 808 P.2d 522 (1991).

15484583

# FORD'S REQUESTED JURY INSTRUCTION NO. 6

## No Duty to Make Product Accident Proof

A manufacturer of a motor vehicle is under no duty to provide an "accident proof" vehicle, or to render the user of the vehicle safe from all injury or harm.

Under the law, a manufacturer or distributor of a vehicle is only required to design and sell the vehicle so that it is reasonably fit for the ordinary and reasonable purposes for which it was designed to be utilized by members of the general public at the time of manufacture and sale.

**SOURCE:** *Ward v. Ford Motor Co.*, 99 Nev. 47, 47-48 & n.1, 657 P.2d 95 (1983); *Daly v. General Motors Corp.*, 20 Cal. 3d 725 (1978); *Cavers v. Cushman Motor Sales*, 95 Cal. App. 3d 338; *see also* Devitt, Blackmar, and Wolff, 3 Federal Jury Practice and Instructions § 82.08 (4th ed. 1987) (manufacturer not guarantor); *Raney v. Honeywell*, 540 F.2d 932, 937 (8th Cir. 1976); *Crespo v. Chrysler Corp.*, 75 F. Supp. 2d 225, 227 (S.D.N.Y. 1999).

15484583

# FORD'S REQUESTED JURY INSTRUCTION NO. 7

## Safest Possible Design Not Required

A manufacturer is not required to produce the safest possible design.

**SOURCE:**   See *Robinson v. GGC, Inc.*, 107 Nev. 135, 139-140, 808 P.2d 522 (1991); *Soule v. General Motors Corp.*, 8 Cal. 4th 548, 559, 572-73 (1994); *Doupnik v. General Motors Corp.*, 225 Cal. App. 3d 849, 861-62 (1990) (rev. denied); *Self v. General Motors Corp.*, 42 Cal. App. 3d 1, 10 (1974) *overruled on other grounds by Soule v. General Motors Corp.*, 8 Cal. 4th 548 (1994).

15484583

**FORD'S REQUESTED JURY INSTRUCTION NO. 8**

**Proximate Cause: Definition**

A proximate cause of injury, damage, loss, or harm is a cause which, in natural and continuous sequence, produces the injury, damage, loss, or harm, and without which the injury, damage, loss, or harm would not have occurred.

**SOURCE:** Nev. J.I. 4.04 (1986); *see also* BAJI 3.75 (1982 revision); *Goodrich & Pennington Mortgage Fund, Inc. v. J.R. Woolard Inc.*, 120 Nev. 777, 784, 101 P.3d 792, 797 (2004) *citing Taylor v. Silva*, 96 Nev. 738, 741, 615 P.2d 970, 971 (1980) *(quoting Mahan v. Hafen,* 76 Nev. 220, 225, 351 P.2d 617, 620 (1960)); *Johnson v. Egtedar*, 112 Nev. 428, 915 P.2d 271 (1996) *Dow Chemical Co. v. Mahlum,* 114 Nev. 1468, 1481, 970 P.2d 98, 107 (1998); RESTATEMENT (SECOND) OF TORTS § 431.

## FORD'S REQUESTED JURY INSTRUCTION NO. 9

### Defect Must Be Proximate Cause of Plaintiffs' Injuries

If you find that the 2007 Ford Focus airbag system was defective, but you also find that the plaintiffs would have received the same injuries even if the 2007 Ford Focus airbag system had not been defective, then you must find that the defect was not a proximate cause of such injuries.

**SOURCE:** *Ginnis v. Mapes Hotel Corp.*, 86 Nev. 408, 413, 470 P.2d 135 (1970); *Soule v. General Motors Corp.*, 8 Cal. 4th 548, 559, 572-73 (1994); *Self v. General Motors Corp.*, 42 Cal. App. 3d 1, 10 (1974) *overruled on other grounds by Soule v. General Motors Corp.*, 8 Cal. 4th 548 (1994).

15484583

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANT FORD MOTOR COMPANY'S PROPOSED JURY INSTRUCTIONS CONTESTED BY PLAINTIFFS** by electronic service (via Case Management/Electronic Case Filing) to the following:

Ralph J. Rohay, Esq.
309 W. Lake Mead Pkwy., Ste. B
Las Vegas, NV 89015
Telephone: (702) 737-1122
Facsimile: (702) 737-3110
Attorneys for Plaintiffs

Bradley D. Kuhlman, Esq. (*Pro Hac Vice*)
Chad C. Lucas, Esq. (*Pro Hac Vice*)
Kuhlman & Lucas, LLC
1100 Main St., Suite 2550
Kansas City, MO 64105
Telephone: (816) 799-0330
Facsimile: (816) 799-0336
Attorneys for Plaintiffs

Daniel T. Ryan, Esq. (*Pro Hac Vice*)
Law Office of Daniel T. Ryan, LLC
1717 Park Avenue
St. Louis, MO 63104
Telephone: (314) 222-7717
Facsimile: (314) 932-2688
Attorneys for Plaintiffs

Phillip R. Emerson, Esq.
EMERSON & MANKE, PLLC
1055 Whitney Ranch Drive, Suite 120
Henderson, NV 89014
Telephone: (702) 384-9444
Facsimile: (702) 384-9447
kryssy@emersonmanke.com
Attorneys for Defendant
THE HERTZ CORPORATION

DATED this _____ day of July, 2012.

_____
An Employee of Snell & Wilmer L.L.P.

15484583