Ralph J. Rohay, Esq
309 W. Lake Mead Pkwy., Ste. B
Las Vegas, Nevada 89015
Telephone: (702) 737-1122
Facsimile: (702) 737-3110
ralphrohay@yahoo.com

Daniel T. Ryan, Esq. *(Pro Hac Vice)*
LAW OFFICES OF DANIEL T. RYAN, LLC
10525 Big Bend Boulevard
St. Louis, Missouri 63122
Telephone: (314) 222-7717
Facsimile: (314) 932-2688
dan@danryanlawoffice.com

Bradley D. Kuhlman   *(Pro Hac Vice)*
Chad C. Lucas        *(Pro Hac Vice)*
KUHLMAN & LUCAS, LLC
1100 Main Street, Suite 2550
Kansas City, Missouri 64105
Telephone:  (816) 799-0330
Facsimile:  (816) 799-0336
brad@kuhlmanlucas.com
chad@kuhlmanlucas.com
**Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN A. NIEMEYER, individually and as the Representative of the Estate of ANTHONY NIEMEYER, MARK NIEMEYER, JESSICA NIEMEYER, and REBECCA NIEMEYER,<br><br>Plaintiffs,<br>vs.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | CASE NO. 09-cv-2091-JCM-PAL<br><br>**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS CONTESTED BY DEFENDANT FORD MOTOR COMPANY** |

Plaintiffs submit these proposed jury instructions which are contested by Defendant Ford Motor Company, pursuant to this Court's Scheduling Order, and request that the Court instruct the jury on the law as set forth herein.

DATED this 31st day of July, 2012.

**PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 1**

The plaintiffs seek to establish a claim that the airbag system of the subject 2007 Ford Focus was defective. I will now instruct you on the law relating to this claim.

SOURCE: Nevada Jury Instructions – Civil, 7PL.1 (2011)(inserting "airbag system of the subject 2007 Ford Focus" for "product in question").

## PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 2

A product is defective if it fails to perform in a manner reasonably expected in light of its nature and intended function, and as a result, the product is unreasonably dangerous.

SOURCE: *Ginnis v. Mapes*, 86 Nev. 408, 413, 470 P.2d 135, 138 (1970); *Allison v. Merck and Co., Inc.*, 110 Nev. 762, 878 P.2d 948 (1994); *Stackiewicz v. Nissan Motor Corporation in U.S.A.*, 100 Nev. 443, 448; 686 P2d 925, 928 (1984).

**PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 3**

A legal cause of injury, damage, loss or harm is a cause which is a substantial factor in bringing about the injury, damage, loss or harm.

SOURCE: Nevada Jury Instructions – Civil, 4NG.14 (2011); *Price v. Blaine Kern Artista, Inc.*, 111 Nev. 515, 520, 893 P.2d 367, 370 (Nev. 1995)("if the product defect was a substantial factor in producing the injury, thereby constituting a legal cause of the injury, the manufacturer will be held liable"); *Asay v. Kolberg-Pioneeer*, 2010 WL 3239006, *5 (D. Nev. 2010)("the plaintiff must show that the design defect in the product was a substantial factor in causing his injury"); *Roberts v. Albertson's LLC*, 464 Fed.Appx. 605, 607, 2011 WL 6807608, *2 (9th Cir. 2011)("to prove proximate cause in a strict product liability action in Nevada, the plaintiff must show that the design defect in the product was a substantial factor in causing his injury"); *Abbott v. Home Depot U.S.A., Inc.*, 2012 WL 938632, *3 (D. Nev. 2012)("To establish proximate causation in a products liability case, the plaintiff must establish a nexus between the design defect of the product and the injury – that is, the plaintiff must show that the design defect in the product was a substantial factor in causing his injury").

## PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 4

In order to establish a claim of strict liability for a defective product, the plaintiffs must prove the following elements by a preponderance of the evidence:

1. That the defendant was the seller of the subject 2007 Ford Focus;
2. That the airbag system of the subject 2007 Ford Focus was defective;
3. That the defect existed when the subject 2007 Ford Focus left the defendant's possession;
4. That the subject 2007 Ford Focus was used in a manner which was reasonably foreseeable by the defendant; and
5. That the defect was a legal cause of the death of Anthony Niemeyer.

SOURCE: Nevada Jury Instructions – Civil, 7PL.3 (2011)(inserting "seller", "legal", "subject 2007 Ford Focus" for "the product" and "airbag system of the subject 2007 Ford Focus" for what was defective); *see also Allison v. Merck and Co., Inc.*, 110 Nev. 762, 767, 878 P.2d 948, 952 (1994); see also *Shoshone Coca Cola Bottling Co. v. Dolinski*, 82 Nev. 439, 443, 420 P.2d 855, 858 (1966); *Ginnis v. Mapes Hotel Corp.*, 86 Nev. 408, 413, 470 P.2d 135, 138 (1970)(definition of "defective"); *Price v. Blaine Kern Artista, Inc.*, 111 Nev. 515, 520, 893 P.2d 367, 370 (Nev.

1995)("if the product defect was a substantial factor in producing the injury, thereby constituting a legal cause of the injury, the manufacturer will be held liable"); *Asay v. Kolberg-Pioneeer*, 2010 WL 3239006, *5 (D. Nev. 2010)("the plaintiff must show that the design defect in the product was a substantial factor in causing his injury"); *Roberts v. Albertson's LLC*, 464 Fed.Appx. 605, 607, 2011 WL 6807608, *2 (9th Cir. 2011)("to prove proximate cause in a strict product liability action in Nevada, the plaintiff must show that the design defect in the product was a substantial factor in causing his injury"); *Abbott v. Home Depot U.S.A., Inc.*, 2012 WL 938632, *3 (D. Nev. 2012)("To establish proximate causation in a products liability case, the plaintiff must establish a nexus between the design defect of the product and the injury – that is, the plaintiff must show that the design defect in the product was a substantial factor in causing his injury").

**PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 5**

You are not to consider any fault on the part of Anthony Niemeyer in causing the collision with the tree when deliberating and rendering your verdict.

SOURCE: *Young's Mach. Co. v. Long*, 100 Nev. 692, 693; 692 P.2d 24, 25 (1984)(holding comparative fault not applicable in strict liability cases).

1

2  KUHLMAN & LUCAS, LLC

3  By:  /s/ Chad C. Lucas
4  Bradley D. Kuhlman  *(Pro Hac Vice)*
   Chad C. Lucas          *(Pro Hac Vice)*
5  KUHLMAN & LUCAS, LLC
   1100 Main Street, Suite 2550
6  Kansas City, Missouri 64105
   Telephone:  (816) 799-0330
7  Facsimile:  (816) 799-0336
   brad@kuhlmanlucas.com
8  chad@kuhlmanlucas.com

9
   Daniel T. Ryan, Esq. *(Pro Hac Vice)*
10 LAW OFFICES OF DANIEL T. RYAN, LLC
11 10525 Big Bend Boulevard
   St. Louis, Missouri 63122
12 Telephone: (314) 222-7717
   Facsimile:  (314) 932-2688
13 dan@danryanlawoffice.com

14 Ralph J. Rohay, Esq
   309 W. Lake Mead Pkwy., Ste. B
15 Las Vegas, Nevada 89015
   Telephone: (702) 737-1122
16 Facsimile:  (702) 737-3110
   ralphrohay@yahoo.com
17 **Attorneys for Plaintiffs**

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **PLAINTIFFS' PROPOSED JURY INSTRUCTIONS CONTESTED BY DEFENDANT FORD MOTOR COMPANY** by electronic service (via Case Management/Electronic Case Filing) to the following:

Jay J. Schuttert
Daniel S. Rodman
SNELL & WILMER, LLP
3883 Howard Hughes Parkway Suite 1100
Las Vegas, Nevada 89169
Tel: (702) 784-5200
Fax: (702) 784-5252
jschuttert@swlaw.com
**Attorneys for Defendant
FORD MOTOR COMPANY**

DATED this 31st day of July, 2012.        /s/ Chad C. Lucas
                                          **Attorneys for Plaintiffs**

Kuhlman & Lucas, LLC
1100 Main Street, Suite 2550
Kansas City, Missouri 64105
(816) 799-0330