UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KATHRYN A. NIEMEYER,

    Plaintiff,

v.

FORD MOTOR COMPANY, et al.,

    Defendants.

2:09-CV-2091 JCM (PAL)

**ORDER**

Presently before the court is plaintiffs' motion to permit testimony in open court by contemporaneous transmission pursuant to Federal Rule of Civil Procedure 43. (Doc. # 171). Defendant filed response (doc. # 172), and plaintiffs filed a reply (doc. # 175). The issue is whether plaintiffs' personal physician, Dr. Morton Singer ("Dr. Singer"), should be permitted to testify at trial remotely from a different location.

**I.    Background**

In previous orders, the court has stated the facts of the case and the majority of the facts are not necessary to resolve this issue.

Previously, on the eve of trial, plaintiffs filed a motion seeking leave to amend the pre-trial order to depose three witness, one being Dr. Singer, so that their testimony could be preserved for trial in the event the witnesses chose not to attend. (Doc. # 104). In that motion, plaintiff sought to reopen discovery more than a year after discovery closed so that plaintiffs could depose Dr. Singer. (*Id.*). Defendants filed a timely response. (Doc. # 106). The court held that depositions of the three witnesses would not be allowed and stated "[w]hile [it] sympathizes with the quandary plaintiffs find

**James C. Mahan**
**U.S. District Judge**

1  themselves in, and the prospect of these witnesses' schedules conflicting with the trial dates, this is
2  a quandary of plaintiffs' own making." (Doc. # 120).

3  The prospect of Dr. Singer having a conflicting schedule and being unavailable for trial
4  appears to have materialized.[1] According to plaintiffs' first motion (doc. # 171), Dr. Singer will be
5  out of the country and unable to attend the trial as a witness. In the reply brief, plaintiffs' further
6  represent "indications are now that [Dr. Singer] will refuse to appear live" because of his "frustration
7  with having to cancel and reschedule patients again." (Doc. # 175). Plaintiffs did not depose Dr.
8  Singer during discovery, even though plaintiffs' counsel are based in the same city as Dr. Singer and
9  may lose Dr. Singer's testimony if he refuses to travel and testify at trial. (*See* doc. # 120). Plaintiffs
10 have filed the instant motion seeking the court's approval to allow Dr. Singer to testify at trail via
11 a contemporaneous video transmission in lieu of live testimony. (Docs. ## 171 & 175). Defendants
12 timely filed a response in opposition. (Doc. # 172).

13 **II.    Legal Standard**
14 Federal Rule of Civil Procedure 43(a) provides the appropriate legal standard for disposition
15 of this motion.

16 > "At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by
17 > the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by
18 > contemporaneous transmission from a different location."

19 **III.   Discussion**
20 Plaintiffs represent that Dr. Singer will present only factual evidence. (Doc. # 171).
21 Plaintiffs argue that defendants will not be prejudiced because Dr. Singer will not present any
22 opinion testimony. (*Id.*). It is worth noting that plaintiffs failed to present a declaration by Dr.
23 Singer in which both the opening motion and the reply, where he states that he will not testify in
24 person at trial because he either will be out of the country or he refuses to reschedule his patients.
25 . . .

26 ─────────────────────
27 [1] Dr. Singer lives in the St. Louis, Missouri area. He is not subject to this court's subpoena
28 power. *See* Fed.R.Civ.P. 45.

**James C. Mahan**
**U.S. District Judge**                                          - 2 -

1   Defendants counter by using actual case law and the advisory committee notes to argue that
2   plaintiffs have not truly demonstrated good cause and compelling circumstances. Defendants also
3   argue that they will be prejudiced by contemporaneous transmission because, due to the dynamic
4   nature of trial, they do not know what questions they will ask Dr. Singer until he actually testifies.
5   There is no guarantee Dr. Singer will be able to see the documents via the video transmission.
6   Defendants may need to ask Dr. Singer questions stemming from certain documents and defendants
7   will be substantially prejudiced by turning over every single potential document they may use to ask
8   Dr. Singer questions prior to testimony.

9   The court finds that when the federal rule states a court may permit contemporaneous
10  transmission "for good cause in compelling circumstances" the rule really means "for good cause
11  in compelling circumstances." Dr. Singer will not be permitted to testify via contemporaneous
12  transmission for the reasons stated *infra*.

13  **A. Scheduling the Trial Date**

14  The advisory committee notes state "[t]he most persuasive showings of good cause and
15  compelling circumstances are likely to arise when a witness is unable to attend trial *for unexpected*
16  *reasons, such as accident or illness*, but remains able to testify from a different place.
17  Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if
18  there is a risk that other–and perhaps more important–witnesses might not be available at a later
19  time." Fed.R.Civ.P. 43(a) advisory committee's note (1996 amendment) (alteration added).

20  This case was previously set for trial to commence on July 23, 2012, but the court postponed
21  the trial date because of other obligations. At calendar call, both parties represented that they would
22  be available for a September 24, 2012, trial date. (Doc. # 172, Ech. A). In the following weeks,
23  plaintiffs sought to further postpone the trial start date because "some of plaintiffs' experts,
24  especially Dr. Case, were not available." (Doc. # 175). Defendant agreed to further postpone the
25  trial start date in order to accommodate plaintiffs' experts until October 29, 2012. (Doc. # 172, Ech.
26  A). At no time did plaintiffs reveal that Dr. Singer would be unable to attend a trial beginning on
27  October 29, 2012.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    Plaintiffs picked this exact trial date to accommodate their experts. Plaintiffs never checked
2 the availability of Dr. Singer before selecting the scheduled date. The advisory committee notes of
3 Rule 43(a), referenced *supra*, state good cause and compelling circumstances exist to allow
4 contemporaneous transmission for unexpected reasons such as accident or illness. Dr. Singer's
5 potential absence from trial does not stem from an unexpected reason.
6    If Dr. Singer is indeed leaving the country, as plaintiff states in the first motion, then such
7 plans are usually made well in advance. If Dr. Singer refuses to attend trial because of patient
8 obligations, as maintained by plaintiffs in the reply brief, this does not qualify as an unexpected
9 reason because doctors regularly maintain a full calendar of patient visits. In sum, plaintiffs selected
10 the trial date and Dr. Singer's potential absence does not originate from an unexpected reason.

11   **B. Prejudice to Ford**

12   The advisory committee notes also state that "[t]he importance of presenting live testimony
13 in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert
14 a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face to face
15 is accorded great value in our tradition. Transmission cannot be justified merely by showing that
16 it is inconvenient for the witness to attend trial." Fed.R.Civ.P. 43(a) advisory committee's note
17 (1996 amendment).

18   If Dr. Singer testifies via a video transmission then plaintiffs will likely run through a scripted
19 directed exam. Such testimony via video transmission will severely impede defendants' ability to
20 cross examine a medical witness using important documentary evidence and medical records. Due
21 to the dynamic nature of trial testimony, defendants will not know in advance which documents or
22 records are relevant to Dr. Singer's testimony. Defendants are not required, especially under these
23 facts, to provide Dr. Singer with every potential document or medical record in advance which may
24 be relevant or salient at trial. Rule 43(a) requires "appropriate safeguards" and none have been
25 provided. Contemporaneous transmission unnecessarily prejudices defendants.

26   Further, video transmission will deprive jurors of the ability to make face-to-face
27 determinations about Dr. Singer's testimony, demeanor, mannerisms, and reactions to certain

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  questions proffered by defendants. This aspect of live, in person testimony is a stalwart of trial
2  testimony. Plaintiffs have not provided or even argued any "appropriate safeguards" could
3  compensate for or override this strong preference of in person testimony.

### C. Good Cause and Compelling Reasons

The advisory committee notes state "other possible justifications for remote transmission must be approached cautiously." Fed.R.Civ.P. 43(a) advisory committee's note (1996 amendment). "A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.." *Id.*; *see e.g., Palmer v. Valdez*, 560 F.3d 965, 968-69 n.4 (9th Cir. 2009 (quoting advisory committee note immediately *supra*); *Rodriguez v. SGLC, Inc.*, No. 2:08-cv-01971, 2012 WL 3704922, at *2-3 (E.D. Cal. Aug. 24, 2012) (denying a Rule 43(a) motion because "the circumstances confronting plaintiffs can hardly be construed as unforeseen"); *Garza-Castillo v. Guajardo-Ochoa*, No. 2:10-cv-00359, 2012 WL 15220, at *2 (D. Nev. Jan. 4, 2012) (reasoning that a party's failure to secure witness' deposition testimony prior to trial does not establish good cause); *RLS Associates, LLC v. United Bank of Kuwait PLC*, No. 01 Civ. 1290, 2005 WL 578917, at *5-7 (S.D.N.Y. March 11, 2005) (permitting contemporaneous transmission where witness *lived* in Dubai).

Plaintiffs have failed to adequately demonstrate good cause and compelling reasons. Plaintiffs suggested the current trial date, but did not confirm that date with Dr. Singer. Further, plaintiffs knew well in advance that doctors have obligations with patients and may be hesitant to break those commitments. Dr. Singer's unavailability is not due to an unexpected reason.

Plaintiffs did not depose Dr. Singer during discovery even though plaintiffs' attorneys and Dr. Singer both live in the St. Louis area. When the court denied plaintiffs' motion to reopen discovery so they could depose Dr. Singer, more than a year after discovery closed, the court stated "[w]hile [it] sympathizes with the quandary plaintiffs find themselves in, and the prospect of [Dr. Singer's] schedule[] conflicting with the trial dates, this is a quandary of plaintiffs' own making." (Doc. # 120). This statement is still true.

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

1   Accordingly,

2   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to permit

3   testimony in open court by contemporaneous transmission (doc. # 171) be, and the same hereby, is

4   DENIED.

5   DATED October 18, 2012.

                                    _____
                                    **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**