Daniel S. Rodman
Nevada Bar No. 8239
Jay J. Schuttert
Nevada Bar No. 8656
Joshua D. Cools
Nevada Bar No. 11941
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: drodman@swlaw.com
Email: jschuttert@swlaw.com
Email: jcools@swlaw.com

Attorneys for Defendant
FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN A. NIEMEYER, individually and as the Representative of the Estate of ANTHONY NIEMEYER, MARK NIEMEYER, JESSICA NIEMEYER, and REBECCA NIEMEYER,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware corporation; THE HERTZ CORPORATION, a Delaware corporation; HERTZ RENT-A-CAR, a corporation; AUTOLIV ASP, INC., a Missouri corporation; MORTON INTERNATIONAL, INC.; DOES I through XX; ROES I through XX; MOES I through XX; and POES I through XX, inclusive,<br><br>Defendants. | CASE NO. 2:09-cv-2091-JCM-PAL<br><br>**FORD MOTOR COMPANY'S MOTION FOR JUDGMENT AS A MATTER OF LAW** |

## I.

## INTRODUCTION

This is a product liability action in which Plaintiffs claim that Ford is strictly liable for the death of Anthony Niemeyer due to injuries they allege he received when the Ford Focus he was driving struck a tree. Specifically, Plaintiffs claim that the driver-side airbag failed to deploy in the Focus, thereby making it defective, and that had it deployed, Anthony Niemeyer would not

have died. Plaintiffs, however, have failed to present a *prima facie* product liability case to maintain their claim for relief. As a result, judgment as a matter of law should be granted in favor of Ford.

## II.

## LEGAL ARGUMENT

### A. Judgment As A Matter Of Law Standard

Judgment as a matter of law is appropriate when "a party has been fully heard on an issue," and "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party." Fed. R. Civ. P. 50(a)(1). The applicable standard "mirrors the standard for summary judgment," *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 135 (2000), and where, as here, there is a failure of proof on an essential element, all other facts are "necessarily render[ed] … immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court examines the full record, *Reeves*, 530 U.S. at 149-50, and while reasonable inferences are drawn for the non-movant, *Higgins v. Consolid. Rail Corp.*, 451 F. App'x 25, 25 (2d Cir. 2011), the non-movant "is not entitled to the benefit of unreasonable inferences" or those "at war with undisputed facts." *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1318 (2d Cir. 1990); *see Tabbaa v. Chertoff*, 509 F.3d 89, 93 n.1 (2d Cir. 2007). Nor can the non-movant's view of the evidence forestall judgment as a matter of law when it is so discredited by the record that no reasonable juror could accept it. *Scott v. Harris*, 550 U.S. 372, 380-81 (2007).

It is well established that, even if expert testimony on factual causation is admitted, judgment as a matter of law is still proper when plaintiffs are only able to offer either a "[m]ere scintilla" of evidence or sheer speculation" to support their case. *Brock v. Merrell Dow Pharm., Inc.*, 874 F.2d 307, 313 (5th Cir. 1989). *Daubert* recognized that where, as here, "the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to direct a judgment." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).

///

///

Thus, a motion for judgment as a matter of law screens out cases, such as this, that are too weak to support a jury verdict. Where a jury can "only reach one conclusion," judgment as a matter of law is appropriate. *Lawson v. Umatilla County*, 139 F.3d 690, 692 (9th Cir. 1998). Failure to present evidence in support of any one element of a claim dooms a plaintiff's case.

Here, Plaintiffs' strict liability claim against Ford, alleging defects in the 2007 Ford Focus, lacks evidence in support of two key elements that are fatal to Plaintiffs' case: (1) an unreasonably dangerous defective design; and (2) that the alleged defect caused Anthony Niemeyer's death.

**B.      Plaintiffs Have Failed To Make A *Prima Facie* Case That The Focus's Airbag System Was Unreasonably Dangerous And Failed To Meet Consumer Expectations**

Plaintiffs have failed to prove a sufficient case for the jury under a strict products liability theory. A defect claim is based upon a duty owed by the product manufacturer to the customer to sell a reasonably safe product. To recover under a strict products liability theory, a plaintiff must establish, inter alia, two elements: (1) that the product was defective, and (2) that the defect was a proximate cause of the damage or injury to the plaintiff. *Ginnis v. Mapes Hotel Corp.*, 86 Nev. 408, 413, 470 P.2d 135, 138 (1970); *Shoshone Coca-Cola Bottling Co. v. Dolinski*, 82 Nev. 439, 443, 420 P.2d 855, 858 (1966).

Proof that a product was unreasonably dangerous at the time of manufacture is therefore an essential element of a strict liability case. *See Ward v. Ford Motor Co.*, 99 Nev. 47, 49, 657 P.2d 95, 96 (1983); *see also Lewis v. Sea Ray Boats, Inc.*, 119 Nev. Adv. Rep. 10, 65 P.3d 245 (2003); *Outboard Marine Corp. v. Schupbach*, 93 Nev. 158; 561 P.2d 450 (1977). In determining whether a product is unreasonably dangerous, the trier of fact assesses whether the product failed to perform in a manner reasonably expected in light of its nature and intended function, and was more dangerous than would be contemplated by the ordinary user having the ordinary knowledge available in the community. *Stackiewicz v. Nissan Motor Co.*, 100 Nev. 408 (1984). Specifically, a product is defective in its design if, as a result of its design, the product is unreasonably dangerous. *See Ginnis*, 86 Nev. at 413; Nevada Jury Instructions – Civil, 2011 Edition Inst. 7PL.4.

Here, Plaintiffs rely on the testimony of Christopher Caruso to establish that there was a defect in the Focus's airbag system. Mr. Caruso's sole defect theory was that the Focus's airbag system was not sufficiently robust in its design based on the calibration data of computer simulations showing non-deployment at 90% of the crash test deployment speed.[1] *See* Trial Transcript, 11/1/2012, 852-854, cited portions attached as Exhibit A. But this does not establish that the Focus was unreasonably dangerous, or even that it failed to deploy in a speed greater than the must-deploy threshold. In fact, he provided absolutely no basis, whatsoever, for his claim that non-deployed at the simulated 90% intensity of the 14.68 mph crash test constitutes a design defect. He simply speculated that the Focus "can't meet pole-impact requirements." *See* Trial Transcript, 11/1/2012, at 859:5-6. Despite this testimony he provided no testimony as to what those "requirements" were. To the contrary, he testified that he was making assumptions about Ford's design intent. *See* Trial Transcript, 11/2/2012, at 914:7-23. His testimony offered only speculation. And significantly, he offered no opinion as to a manufacturing defect in the Focus. *See id.* at 917:4-7. Instead, he provided the following testimony:

> Q. Mr. Caruso, you can't show me one specific thing that wasn't working properly with this airbag system on the day of the accident, can you?
>
> A. I cannot.

Trial Transcript, 11/2/2012, at 917:4-7. He also admitted that he could not, to a reasonable degree of engineering probability, narrow down any potential defect probabilities to a one root cause:

> A. Correct, I could not narrow it down to one root cause with reasonable engineering certainty.

Trial Transcript 11/2/2012, at 920:6-7.

No reasonable jury could rely on Caruso's testimony to establish that the Focus was defective under Nevada's "consumer expectations" test. Neither Caruso (nor any of Plaintiffs' other witnesses) ever offered an opinion that the Focus's airbag system failed to perform in a

---

[1] Mr. Caruso also stated that he could not rule out a component failure, but testified to a reasonable degree of engineering certainty that such a failure was "unlikely." Trial Transcript, 11/1/2012, at 853:5-10.

manner reasonably expected in light of its nature and intended function making it more dangerous than would be contemplated by the ordinary user having the ordinary knowledge available in the community. Rather, he simply offered a speculative opinion, not based on any reliable method or science, that because in computer simulations the Focus's airbag system did not deploy at 90% of the intensity of the 14.68 mph crash test the airbag system was defective. This is precisely the "scintilla of evidence" that the U.S. Supreme Court warned of. *See Daubert*, 509 at 596. There is simply no way that a reasonable jury could take Mr. Caruso's testimony to find that every single 2007 Ford Focus has the same defect as the Niemeyer vehicle—which is exactly what a design defect connotes. And significantly, Caruso did not even testify to one of the parts of his self-described analysis: what could have been done to fix the defect, i.e., alternative design. *See* Trial Transcript, 11/1/2012, at 829:5-23. Caruso provided no such testimony, just the speculation as to an undefined design defect.

Caruso's criticisms do not rise to the level that a reasonable jury could rely upon them to establish that the 2007 Ford focus was unreasonably dangerous. Plaintiffs have therefore failed to put forth a *prima facie* case for a finding that the 2007 Ford Focus was defective and unreasonably dangerous, and a judgment should be entered in Ford's favor because no reasonable jury could find for Plaintiffs.

C. **Plaintiffs Cannot Show That Any Alleged Defect In The Focus Proximately Caused Mr. Niemeyer's Death**

Plaintiffs also have failed to present any evidence that establishes that Plaintiffs' injuries were caused by a defective airbag system. The mere potential that the product caused the plaintiffs' injury is insufficient to prove Plaintiff's case. *United Exposition Serv. Co. v. State Indus. Ins. Sys.*, 109 Nev. 421, 851 P.2d 423, 425 (1993). Without evidence of causation—and specifically causation by the alleged defect—Plaintiffs' case fails. *See Yamaha Motor Co. v. Arnoult*, 114 Nev. 233, 238, 955 P.2d 661, 664 (1998); *Price v. Blaine Kern Artista, Inc.*, 111 Nev. 515, 518, 893 P.2d 367, 369 (1995); *Dow Chem. Co. v. Mahlum*, 114 Nev. 1468, 1481, 970 P.2d 98, 107 (1998), overruled in part on other grounds by *GES, Inc. v. Corbitt*, 117 Nev. 265, 270, 21 P.3d 11, 14 (2001); *see also M & R Inv. Co. v. Anzalotti*, 105 Nev. 224, 227, 773 P.2d

729, 731 (1989) (affirming dismissal of product liability action because plaintiff failed to make a *prima facie* showing of causation); *Griffin v. Rockwell Int'l, Inc.,* 96 Nev. 910, 911, 620 P.2d 862, 863 (1981) (affirming dismissal of strict product liability claim because plaintiff failed to establish "that his injury was caused by a defect in the product").

Further, in order to establish causation, a plaintiff must produce expert testimony opining to a reasonable degree of medical certainty that the allegedly defective product caused the plaintiff's injury. *Neal-Lomax v. Las Vegas Metropolitan Police Dept.,* 574 F.Supp.2d 1193, 1198 (D.Nev. 2008) (citing *Morsicato v. Sav-On Drug Stores, Inc.,* 121 Nev. 153, 111 P.3d 1112, 1116 (2005); *United Exposition Serv. Co. v. State Indus. Ins. Sys.,* 109 Nev. 421, 851 P.2d 423, 425 (1993)); see also *Harrison v. Sofamor/Danek Group, Inc.,* 1998 WL 666707, 4 (C.D.Cal. 1998) (in a product liability case the plaintiff must present competent evidence to a reasonable degree of medical probability that the defect proximately caused the alleged injury); *Pappas v. Sony Electronics, Inc.,* 136 F.Supp.2d 413 (W.D.Pa.2000) (granting defendant's motion for summary judgment where plaintiff failed to establish causation where there were two potential causes); *Booth v. Black & Decker, Inc.,* 166 F.Supp.2d 215 (E.D. Pa. 2001). Expert testimony is required because "if the plaintiff's medical expert cannot form an opinion with sufficient certainty so as to make a medical judgment, there is nothing on the record with which a jury can make a decision with sufficient certainty so as to make a legal judgment." *Morsicato,* 111 P.3d at 1116 (quotation omitted).

In the present case, Plaintiffs have failed to adduce any competent evidence that Mr. Niemeyer's injuries were caused by any purported defect in the 2007 Ford Focus's airbag system. While Plaintiffs have provided evidence that Mr. Niemeyer suffered minor head injuries, they have only speculated that the alleged airbag system cause Mr. Niemeyer's death. Dr. Case opined that Mr. Niemeyer was killed in the crash from his head impacting something on the interior of the vehicle. Significantly, however, she cannot demonstrate any actual damage to the brain sufficient to cause instant death.

///

///

> Q. And, beyond that, none of those six findings would be sufficient to render him immediately pulseless. True?
>
> A. None of those things would render him pulseless.
>
> . . . .
>
> Q. So simply put, Dr. Case, you don't list what you can't demonstrate and you couldn't demonstrate the diffuse axonal injury. True?
>
> A. I think I've said that. That is correct.

Trial Transcript, 10/30/2012, at 356:1-21. Likewise, Dr. Case cannot rule out other causes, such as lethal cardiac arrhythmia. Nor does she provide any opinions as to what cause Mr. Niemeyer to lose control of the vehicle, but instead provides the opinion that he was conscious with absolutely no medical basis for that opinion—this defies the evidence as well common sense. In sum Dr. Case's opinions are speculative at best; she could not even state what amount of force would be needed to cause the injury she alleges Mr. Niemeyer sustained. Plaintiffs' entire explanation of Mr. Niemeyer's head injury and his cause of death lacks foundation and is merely speculative in nature.

Similarly, Plaintiffs' biomechanics expert, Mariusz Ziejewski, could provide no competent evidence that Niemeyer even hit his head on the steering wheel, let alone with sufficient force to instantly kill him. Rather his opinion was that: (1) Mr. Niemeyer slipped out of the shoulder belt; (2) moved forward on impact with the tree, fatally striking his head on the steering wheel; (3) rebounding backward to an unknown position; (4) moved forward again due to "gravity"; and (5) the moved backwards again due to some unknown and undefined force. In sum, Dr. Ziejewski's theories are the model of unreliability; they are not scientific and defy logic, physics, and common sense. Moreover, they are not based on the verifiable evidence in the case—they are based on Dr. Mary Case's unverifiable theory that Mr. Niemeyer died of diffuse axonal injury, working backward from that in whatever way he can construct Mr. Niemeyer's allegedly fatal contact with the steering. That is not competent expert testimony and a reasonable jury could simply not rely on this to find that Plaintiffs' have met their burden to demonstrate causation of the injuries in this case.

Additionally, Plaintiffs' experts' testimony confirms that contrary to their conclusions, an airbag was not even necessary in this case. Dr. Ziejewski stated: "So, what I concluded, that if he's sitting central -- and I will lock the belt -- no way his head can come in contact with steering wheel." Trial Transcript, 11/1/2012, at 774:23-25. Yet, Plaintiffs' airbag expert testified that "[i]f the seatbelt alone can do the job, the airbag is not required or necessary." Trial Transcript, 11/2/2012, at 893:8-9. This testimony is fatal to Plaintiffs' claim because it confirms that the seatbelt would have properly protected Mr. Niemeyer in this case, had he been wearing the seatbelt properly over his shoulder. Thus, since the seatbelt alone could have "done the job," the airbag was "not required or necessary" and nondeployment cannot be the proximate cause of Mr. Niemeyer's injuries.

Accordingly, Plaintiffs have failed to establish that the airbag system, rather than the event that caused Mr. Niemeyer to lose control of the Focus, was the cause of his injuries.

### III.
### CONCLUSION

On the basis that Plaintiffs have utterly failed in their burden to present evidence sufficient to allow a reasonable jury to find in their favor, Ford respectfully requests that this Court enter judgment as a matter of law in Ford's favor.

DATED this 5th day of November, 2012.

SNELL & WILMER L.L.P.


By: /s/ Joshua D. Cools
Daniel S. Rodman
Nevada Bar No. 8239
Jay J. Schuttert
Nevada Bar No. 8656
Joshua D. Cools
Nevada Bar No. 11941
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

Attorneys for Defendant
FORD MOTOR COMPANY

- 8 -

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **FORD MOTOR COMPANY'S MOTION FOR JUDGMENT AS A MATTER OF LAW** by electronic service (via Case Management/Electronic Case Filing) to the following:

Ralph J. Rohay, Esq.
309 W. Lake Mead Pkwy., Ste. B
Las Vegas, NV 89015
Telephone: (702) 737-1122
Facsimile: (702) 737-3110
Attorneys for Plaintiffs

Bradley D. Kuhlman, Esq. (*Pro Hac Vice*)
Chad C. Lucas, Esq. (*Pro Hac Vice*)
Kuhlman & Lucas, LLC
1100 Main St., Suite 2550
Kansas City, MO 64105
Telephone: (816) 799-0330
Facsimile: (816) 799-0336
Attorneys for Plaintiffs

Daniel T. Ryan, Esq. (*Pro Hac Vice*)
Law Office of Daniel T. Ryan, LLC
1717 Park Avenue
St. Louis, MO 63104
Telephone: (314) 222-7717
Facsimile: (314) 932-2688
Attorneys for Plaintiffs

DATED this 5th day of November, 2012.

*/s/ Wendy S. Rudnick*
An Employee of Snell & Wilmer L.L.P.