# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KATHRYN A. NIEMEYER,

    Plaintiff,

v.

FORD MOTOR COMPANY, et al.,

    Defendants.

2:09-CV-2091 JCM (PAL)

## ORDER

Presently before the court is defendant's, Fort Motor Company, emergency motion to quash subpoena *duces tecum*. (Doc. # 236).

**I.     Background**

A jury trial was held in the instant case from October 29, 2012, through November 7, 2012. After hearing the evidence, arguments by the attorneys, and instructions by the court, the jury returned a unanimous verdict in favor of defendant. The court signed the final judgment on November 20, 2012.

On December 13, 2012, after the jury verdict and judgment, plaintiffs issued a subpoena *duces tecum* on non-party Hertz Claim Management Corporation ("Hertz"). The subpoena compels "[a]ny and all documents, electronic files, notations, letters or other forms of communication concerning contact with Ford Motor Company, Ford's representative or legal counsel regarding the 2007 Ford Focus . . . involved in the Niemeyer litigation prior to the date of salvage sale by Hertz. . . ." (Doc. # 231, Attachment 1).

. . .

**James C. Mahan**
**U.S. District Judge**

Ford moves the court to quash the subpoena under the following four theories: (1) the subpoena was not issued in a pending case; (2) the subpoena imposes an undue burden; (3) discovery closed long ago; and (4) plaintiffs did not provide notice as required by the federal rules.[1]

## II. Legal Standard and Discussion

First, Federal Rule of Civil Procedure 45 governs subpoenas in pending cases. This case is closed. The jury reached its verdict on November 7, 2012, and the court signed the final judgment on November 19, 2012. There is no pending action, Rule 45 does not apply, and there are no issues remaining to which the information sought in the subpoena might be relevant.

Second, discovery in this case has been closed since April 18, 2011, approximately twenty months. Rule 45 does not authorize a party to issue a subpoena after discovery closes, much less after the entire case has been decided. *See Dodson v. CBS Broadcasting, Inc.*, no. 02-civ-9270, 2005 WL 3177723, at *1 (S.D.N.Y. Nov. 29, 2005) ("Rule 45 trial subpoenas *duces tecum* may not be used, however, as means to engage in discovery after the deadline has passed.") (internal citations and quotations omitted).

The court finds good reason to quash the subpoena.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's emergency motion to quash subpoena duces tecum (doc. # 236) be, and the same hereby, is GRANTED.

DATED December 20, 2012.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] Ford filed the motion on an emergency basis because the subpoena, executed on December 13, 2012, attempts to command turnover of the documents and other materials by December 22, 2012.

**James C. Mahan**
**U.S. District Judge**

- 2 -